## JENNINGS *v.* SUGGS.

No. 10189.   JANUARY 19, 1935.

*Drennan & Giles,* for plaintiff in error.   *Grant & Long,* contra.

RUSSELL, Chief Justice.   The plaintiff in error had for several months owned an option to buy certain property in the City of Atlanta, which was at that time restrictively zoned for residence purposes.   On December 19, 1933, the Mayor and General Council of the City of Atlanta passed an ordinance rezoning this property for business purposes.   On December 20, 1933, the plaintiff in error closed his option and purchased the property.   The question for consideration in the present case is whether the requirements of law relative to the passage of the ordinance of December 19, 1933, were so complied with as to make effective this ordinance rezoning the property for business purposes, instead of confining its use to residence purposes.

It is a prerequisite to the validity of a municipal ordinance that notice be given and an opportunity for a hearing be accorded to any one who has an interest or property right in the property which may be affected by the zoning regulation.   The act of the General Assembly of 1931 (Ga. L. 1931, pp. 651, 653), amending the charter of the City of Atlanta, with reference to zoning ordinances, provides that the Mayor and General Council may provide for the manner of public notice by requiring the posting by petitioner or petitioners of a reasonable placard or sign giving notice to the public of such proposed amendment,  but it does not appear that any attempt was made to comply with this requirement. "The true rule for the construction of the word *may* in a statute is,

that when such statute concerns the public interest, or affects the rights of third persons, then the word *may*, shall be construed to mean *must* or *shall*." *Birdsong* v. *Brooks*, 7 *Ga.* 88. "In the construction of statutes, *may* is held to mean *shall* in two cases, viz., where the thing to be done 'is for the sake of justice, or for the public benefit.'" *Weems* v. *Farrell*, 33 *Ga.* 413, 419.

■ The ordinance upon which the right of the plaintiff in error depends prescribes, as an additional means of giving notice to the public and property owners likely to be affected, that notice of the time and place of the hearing be published in a newspaper of general circulation ten days before the hearing. In the present instance, as appears from the record, the only newspaper advertisement was published twenty days before the date set for the hearing, and no notice was given as to the place at which the hearing would be held. In these circumstances, and in view of the conflict in the evidence upon several points, the court properly granted an interlocutory injunction restraining further and continued erection of the business building upon the real estate in question.

*Judgment affirmed. All the Justices concur.*