20013, 20018. ATLANTIC REFINING COMPANY *v.* SPEARS *et al.;* and *vice versa.*

ARGUED MARCH 10, 1958—DECIDED APRIL 11, 1958—REHEARING DENIED MAY 7, 1958.

Hull, Willingham, Towill & Norman, James M. Hull, Jr., for plaintiff in error.

Congdon & Leonard, Cumming, Nixon & Eve, contra.

HEAD, Justice. In the former appearance of the present case in this court (Atlantic Refining Co. v. Spears, 211 Ga. 787, 89 S. E. 2d 177), it was held, on September 12, 1955, that the amendment of October 5, 1954, to the comprehensive zoning ordinance did not authorize the construction of a filling station by the defendant as a business within the permitted type on the particular location involved, and that the trial court properly granted an interlocutory injunction. The decision of this court in the former case being one of law, solely, as to the rights of the defendant under the zoning ordinance as amended, it is binding on all persons concerned as the law of the case (Elyea, Inc. v. Cenker, 184 Ga. 179, 190 S. E. 585), unless it should appear that the zoning ordinance has been again amended in the manner provided by law so as to now permit the construction of the filling station by the defendant on the property.

In the main bill of exceptions, error is assigned on the judgment denying the motion for new trial, as amended, of the defendant. In the cross-bill of exceptions, error is assigned on the failure of the trial court to give a timely written request pertaining to the validity of a subsequent purported amendment of the comprehensive zoning ordinance.

The right of the zoning commission to hold hearings after notice under section 8 of the act (Ga. L. 1951, pp. 481-493) is limited to amendments, extensions, or additions to the comprehensive zoning ordinance prior to its adoption. After adoption, which was in November, 1952, the county governing body (county commissioners) is authorized to amend the comprehensive zoning ordinance in the manner provided under sections 16 and 18 of the act, and then only after notice and opportunity to be heard as provided by the comprehensive zoning ordinance, which, under the record in this case, "means notice of the time and place thereof published in the newspaper in which city notices are published, at least 30 days prior to the hearing."

Where proper notice is given and an actual hearing is had, the rezoning of property does not violate the due-process clause of the Constitution. Morgan v. Thomas, 207 Ga. 660 (63 S. E. 2d

659); *Birdsey* v. *Wesleyan College,* 211 *Ga.* 583 (87 S. E. 2d 378). "Due process of law, as guaranteed by article I, section I, paragraph III, of the Constitution (Code, Ann., § 2-103), includes notice and hearing as a matter of right in matters where one's property rights are involved." *Sikes* v. *Pierce,* 212 *Ga.* 567 (2) (94 S. E. 2d 427). In the present case, the alleged notice published by the zoning commission 10 days prior to a hearing to be held by the commission is not a compliance with the requirement for a published notice of 30 days and an opportunity to be heard before the county authority (county commissioners).

"An ordinance prescribing that notice of the time and place of hearing be published in a newspaper of general circulation ten days before the hearing is not complied with by publishing but one advertisement twenty days before the date set for the hearing, without notice as to the place of the hearing." *Jennings* v. *Suggs,* 180 *Ga.* 141 (2) (178 S. E. 282). Under the ruling in *Jennings* v. *Suggs,* the purported amendment of April 8, 1955 (which was based solely on the illegal and void notice given by the zoning commission), is without any legal force or effect, and the defendant, Atlantic Refining Company, did not acquire any additional rights thereby.

The foregoing rulings are controlling on the rights claimed by the defendant, and the assignments of error in the amended motion for new trial do not, therefore, require further consideration by this court.

*Judgment affirmed on the main bill of exceptions; reversed on the cross-bill of exceptions. All the Justices concur.*