## 50403. DENSON v. THE STATE.

EVANS, Judge.

Defendant was tried and convicted on a charge of selling malt beverages without a license, and sentenced to 12 months' probation and a $750 fine. Defendant moved for new trial and filed an affidavit of insolvency, stating that he was without funds to pay the court costs and the costs of a transcript of the trial, and sought relief therefrom. The trial judge entered an order which recited

that the defendant's counsel and the district attorney had entered into an agreement by which "the defendant should reimburse the County for expenditures for the transcript of the trial and motion which are related to the above styled case." The judge's order then ordered the court reporters to prepare "the complete transcript of all the proceedings . . . and present their bill to be paid for from the funds of the County." The order further provided that the defendant *"reimburse the County and the Clerk of this Court for any and all expenses incurred which are normally paid for by solvent Defendants and Appellants* at the rate of $30 per week commencing March 1, 1973, until the entire amount is paid." (Emphasis supplied.)

Defendant's motion for new trial was heard and overruled, and defendant appealed.

On June 17, 1974, the state moved to dismiss the appeal on the grounds of an inexcusable delay in transmitting the record to the appellate court (59 days) occasioned by the defendant's failure to pay $187.75 court costs. This motion was set for hearing on July 18, 1974. The judge of superior court dismissed the appeal by order dated July 19, 1974. Defendant appeals this final judgment. *Held:*

This court is bound by the cases of *Cunningham v. State,* 232 Ga. 416 (207 SE2d 48) and *McAuliffe v. Rutledge,* 231 Ga. 1 (200 SE2d 100). There, the Supreme Court of Georgia, in effect, holds that if the appellant and his attorney fail to follow the prescribed rules of practicing law in bringing cases from the lower courts to the appellate courts for review, we must nevertheless consider his appeal. In the present case there was an inexcusable delay in transmitting the record from the lower court to this court. In the *Cunningham* case, supra, defendant's attorney made an abortive attempt to appeal, and the Supreme Court of Georgia said that the appellate court must jump into the trenches, fill the breech and review the case on its merits. We do not understand that to be the law, and disagree whole-heartedly and completely with the *Cunningham* case, and *McAuliffe v. Rutledge,* 231 Ga. 1, supra, cited as authority, although *Cunningham* extends the rule even further. And yet we are bound by the decisions of the Supreme Court, no

matter whether they correctly expound the law or not. There is an ancient and honorable maxim in law that should be upheld throughout every phase of the law, to wit: "Equity aids the vigilant, not the slothful." *Raines v. Clay,* 161 Ga. 574, 578 (131 SE 499). The Supreme Court has reversed this principle and now says that we must *aid the slothful,* which is completely and absolutely at variance with my philosophy, and with my understanding of the law.

It is significant that counsel for the appellant has been late with reference to his appeals time after time, and this court cited him for contempt (*Stonaker v. State,* 134 Ga. App. 123 (213 SE2d 506)), and imposed a fine of $50, which has been paid.

In this case the appellant suffered a dismissal in the court below because he had not prepared the transcript as required by law. Now, he brings the case to this court, and according to the two above cited cases by the Supreme Court of Georgia, he is relieved of the penalty of dismissal imposed by the lower court; so this court — the Court of Appeals of Georgia — must now reverse the lower court, and require the lower court to see to it that the transcript, and the entire record, be forwarded to this court for review.

　· *Judgment reversed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 26, 1975 — DECIDED APRIL 17, 1975 — REHEARING DENIED MAY 23, 1975 — 

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellee.