## 51160. HAYNES v. CITY OF LAKE CITY.

PANNELL, Presiding Judge.

On November 25, 1974, appellant filed a notice of appeal from a judgment rendered against her in the trial

court. On January 8, 1975, the preparation of the record was completed and a bill of costs mailed to appellant's attorney. A pauper's affidavit, executed in Alabama, as to inability to pay the costs dated March 6, 1975, was filed March 13, 1975, in the trial court. Defendant moved to dismiss the appeal in the trial court on March 14, 1975, prior to transmittal of the record to this court. The attorney for appellant in his affidavit disclosed he received the bill for costs on January 9, 1975, and on the same day requested of his client in writing (presumably through the mails) the amount of the court costs and on or about February 14, 1975, appellant called her attorney by telephone and informed him she did not have sufficient funds with which to pay the costs. The attorney prepared a pauper's affidavit which was forwarded to appellant on February 17, 1975 and was returned to her attorney on March 10, 1975 and filed March 13, 1975. The trial judge found from the evidence that no just cause was shown for the delay in either paying the court costs or filing the pauper's affidavit. The present appeal is from the order dismissing the appeal in the court below. *Held:*

We are bound by the decisions of the Supreme Court sustaining such dismissals in the following cases: *George v. American Credit Control, Inc.,* 222 Ga. 512 (150 SE2d 683); *Vezzani v. Vezzani,* 222 Ga. 853 (153 SE2d 161); *Mut. Fed. Savings &c. of Atlanta v. Johnson,* 223 Ga. 811 (158 SE2d 762); *Pippins v. Securities Invest. Co. of Atlanta,* 223 Ga. 812 (158 SE2d 675); *Azar v. Baird,* 232 Ga. 81 (205 SE2d 273). See also, *Smith v. Mayor &c. of Lake City,* 125 Ga. App. 772 (189 SE2d 104). We therefore, in accordance with these decisions, affirm the trial court's actions in dismissing the appeal because of the delay in transmitting the record to this court. We are bound by these decisions irrespective of the decision of this court in *Denson v. State,* 134 Ga. App. 876 (216 SE2d 606) in which a similar motion to dismiss on similar grounds was made. This court in that case followed the cases of *Cunningham v. State,* 232 Ga. 416 (207 SE2d 48); and *McAuliffe v. Rutledge,* 231 Ga. 1 (200 SE2d 100). Both of these cases were based upon lack of effective assistance of counsel in a criminal case. Here, we have a civil action, and even if the rule in those cases were applicable to a civil action, the

evidence here discloses that the delay was not occasioned by ineffective assistance of counsel. It is our opinion, therefore, that the judgment of the trial judge dismissing the appeal from the judgment entered in the case, upon the facts disclosed in the record, must be affirmed.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED SEPTEMBER 30, 1975 — REHEARING DENIED OCTOBER 9, 1975 —

*Leonard Cohen,* for appellant.

*Swift, Currie, McGhee & Hiers, G. Michael Hartley, W. Wray Eckl,* for appellee.