37413. SOUTH JONESBORO CIVIC ASSOCIATION, INC. et al. v. THORNTON et al.

CLARKE, Justice.

The controlling issue in this zoning case is whether there was sufficient evidence to raise a jury question as to the existence of the required notice of the public hearings. The trial court found ". . . there was no clear evidence as to the failure of these defendants to properly advertise the public hearings as is by law required . . ." and directed a verdict upholding the rezoning. We reverse.

The dispute to be resolved in this case centers around the application of T. R. Thornton seeking the rezoning of certain real estate in Clayton County from residential to heavy industrial. The South Jonesboro Civic Association, Inc. is an organization formed by members of the public, several of whom are owners of property which joins the lands of Thornton. The association filed suit for injunction

in superior court, complaining that the notice of public hearings failed to meet the requirements of the law and that the rezoning as approved by the county commission was legally defective because it was arbitrary and capricious.

The zoning resolution of Clayton County in effect at the time of the Thornton application required the board of county commissioners to hold a public hearing before adopting any zoning change and required further that the hearing be advertised in a newspaper of general circulation at least fifteen days before the date of the hearing. In this case, a notice appeared in a newspaper on March 19, 1974, reciting that the rezoning of the Thornton property would be considered by the planning commission on April 8, 1974, at 8:00 p.m. and that the final hearing would be held by the board of commissioners on April 18, 1974, at 7:30 p.m. It is this final hearing which is required by the resolution and for which notice is required by the resolution. The evidence showed that the hearing before the planning commission was indeed held April 8, 1974, as the notice had stated. The hearing conducted by the county commissioners, however, was not on April 18, 1974, as the notice had stated but, rather, on May 23, 1974.

Section 123 of the Zoning Resolution of Clayton County provided that whenever a change in a zoning classification by amendment to the zoning resolution is proposed, the building inspector will erect signs in a conspicuous place on the property informing the public of the time and date of a hearing before the planning commission. This section also provided that no hearing would be held until the signs had been posted for at least ten days. There was some evidence at trial that the sign posted in regard to a hearing on the Thornton application was not located on the property but was, rather, located over the property line on adjoining property.

Appellees point out that both the planning commission hearing and the board of county commissioners meeting were well attended, and they argue, therefore, that constitutional due process requirements were obviously met. However, this case does not involve constitutional due process. This is a case in which the courts are to determine whether the requirements of the county zoning resolution were met.

The resolution required fifteen days notice of the time and place of the hearing. The published notice stated the hearing would be held April 18. The hearing was not conducted on that day but on May 23. Therefore, the notice requirements of the resolution were not met.

The fact that notice provisions of the county resolution may be more stringent than that prescribed by due process does not mean that they can be ignored.

A governmental agency in rezoning must strictly comply with notice requirements embodied in zoning ordinances. *Save the Bay Committee, Inc. v. Mayor &c. of Savannah,* 227 Ga. 436 (181 SE2d 351) (1971); *Atlantic Refining Co. v. Spears,* 214 Ga. 126 (103 SE2d 547) (1958); *Jennings v. Suggs,* 180 Ga. 141 (178 SE 282) (1934). It is undisputed that there was no notice of the fact that the Thornton rezoning matter would be taken up at the May 23 board of commissioners' meeting. In fact, the only published notice gave the date as April 18. Further, there was evidence at trial which created a jury question as to the location of the sign giving notice as to the time of the planning commission hearing. The record indicates that the trial court considered the location of the sign to be a jury question. Under these circumstances, the appellant made out a prima facie case, and the trial court erred in directing a verdict for appellees.

*Judgment reversed. Jordan, C. J., Hill, P. J., Marshall, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 8, 1981.

*Watson, Brown, Foster & Murphy, George T. Brown,* for appellants.

*John R. McCannon,* for appellees.