43240. YOST et al. v. FULTON COUNTY et al.
(348 SE2d 638)

SMITH, Justice.

The appellants, Yost and Baker, filed an action for a declaratory judgment in the Fulton County Superior Court to ascertain the proper zoning classification for a certain piece of property. The court declared two actions taken by the Fulton County Commission relative to the property to be invalid, declared the proper zoning classification to be "AG-1," and ordered the Commission to allow the appellants to file immediately for rezoning of the property "under all of the requirements of the Fulton County Zoning Resolution." The appellants

seek to have the Commission's initial action in zoning the property "T-R" declared valid, and the second action in rescinding the "T-R" zoning declared invalid. We affirm.

On December 3, 1984, Yost and Baker filed a petition to have a piece of property in Fulton County rezoned from the AG-1 classification to the T-R classification. Following proper notice, the Commission held a public hearing on February 6, 1985, to consider the rezoning application. Pursuant to a request by the appellants' attorney, the Commission deferred consideration of the rezoning request to a later date. Opponents of the rezoning petition, though present at the public hearing, were not afforded an opportunity to speak on the issue.

On June 5, 1985, the Commission, without further public hearings, rezoned the property in question to T-R Conditional. Opponents of the rezoning never had the opportunity to speak out in opposition to the rezoning. They subsequently sent a letter to the Commission Chairman requesting a reconsideration of the rezoning in light of an alleged denial of due process brought about by the Commission's failure to consider input by opponents of the rezoning.

On August 7, 1985, the Commission, upon limited notice, held another hearing on the rezoning request, and subsequently rescinded the previous rezoning, returning the property to the AG-1 classification. The appellants claimed that the rescission of the original rezoning was void. The Commission disagreed. The trial court held that the actions of the Commission on June 5 *and* on August 7 were invalid and recommended that upon request the Commission should consider the rezoning request pursuant to proper procedure.

1. "A governmental agency in rezoning must strictly comply with notice requirements embodied in zoning ordinances. *Save the Bay Committee, Inc. v. Mayor &c. of Savannah*, 227 Ga. 436 (181 SE2d 351) (1971); *Atlantic Refining Co. v. Spears*, 214 Ga. 126 (103 SE2d 547) (1958); *Jennings v. Suggs*, 180 Ga. 141 (178 SE 282) (1934)." *South Jonesboro Civic Assn. v. Thornton*, 248 Ga. 65, 67 (281 SE2d 507) (1981). Under *Atlantic Refining Co. v. Spears*, 214 Ga. 126, 128 (103 SE2d 547) (1958), the amendment of a zoning ordinance accomplished pursuant to defective notice "is without any legal force or effect," and the party requesting the amendment does not "acquire any additional rights [in its property]" due to the invalid amendment of the zoning ordinance. Accordingly, the trial court correctly ruled that the Commission's actions of August 7 had no effect on the subject property.

Proper notice and a proper hearing are mutually dependent. The opportunity to be heard cannot benefit a party who lacks knowledge of the opportunity. Likewise, notice of a hearing is worthless to the party who, after responding to the notice, is denied the opportunity to speak. *Atlantic Refining*, supra at 128.

An amendment of a zoning ordinance pursuant to a hearing at which, as the trial court found here, no one opposing the amendment was given the chance to speak, will be "without any legal force and effect." *Atlantic Refining*, supra. Thus, while the Commission's action rescinding the June 5 amendment to the zoning ordinance was without effect, the trial court correctly ruled that the AG-1 zoning classification properly covered the property in question, since the June 5 amendment itself was without effect. In other words, notice and hearing procedures followed by the commission in both actions taken concerning this property were so defective that no action taken by the Commission after February 6, 1985 legally affected the property. The trial court correctly ruled that the proper classification for the property is AG-1 and properly waived the "twelve month requirement" for rezoning petitions so that the appellants might reapply immediately for rezoning.

2. Since the Commission's action of June 5, 1985, had no legal effect upon the property in question, the appellants acquired no vested rights pursuant to that action. *Atlantic Refining*, supra.

*Judgment affirmed. All the Justices concur, except Gregory, J., who dissents.*

DECIDED OCTOBER 8, 1986 —
RECONSIDERATION DENIED OCTOBER 22, 1986.

*Sutherland, Asbill & Brennan, Alfred A. Lindseth, Richard L. Robbins,* for appellants.

*Young & Murphy, Robert G. Young, Arrington, Biggins & Horne, Lewis C. Horne, Jr.,* for appellees.