1536

Allison BROWN, Appellant v. COUNTY OF CHARLESTON/ CHARLESTON COUNTY COUNCIL, Respondent.

(399 S.E. (2d) 784)

Court of Appeals

*Allison E. Brown,* of Mt. Pleasant, *pro se.*

*Randall M. Chastain,* Columbia, *for appellant.*

*Nancy B. Tecklenburg,* Charleston, *for respondent.*

*Janson A. Kauser,* of North Charleston, *amicus curiae for East Cooper Outboard Motor Club, Inc.*

*Conrad L. Falkiewicz,* Charleston, *amicus curiae for SC Shooting Ass'n.*

Heard April 11, 1990.

Decided Aug. 27, 1990.

*Per Curiam:*

This is a zoning case. Allison Brown applied to the Charleston County Office of Zoning and Planning for a permit to operate a commercial outdoor gun range.[1] The Zoning Board denied the permit. County Council upheld the Zoning Board's decision. Brown then appealed to the circuit court which affirmed the Council. Brown appeals. We reverse and remand.

The County desired to decrease the number of zoning districts in the County and also to simplify the table of *existing* land uses through an amendment to its zoning ordinance. However, one provision of the amendment, in effect, proposed changes in existing land uses by requiring a different type of permit for certain property uses. One such use is an outdoor gun range. The amendment changed this use from a use of right to a conditional use which requires the Zoning Board's approval prior to issuance of a permit. Overall, the zoning amendments increased allowable property uses in the county, but in some cases it actually restricted an existing use.

---

[1] Specifically, Brown sought to use the site as a commercial sporting range for skeet shooting.

The Zoning Board gave the amendments preliminary approval. On March 27, 1988, and April 3, 1988, the County ran the following advertisement in the *News and Courier:*

ZONING
Charleston County
PUBLIC HEARING
The Charleston County Council has scheduled a public meeting for Tuesday, April 12, 1988 at 7:00 p.m., County Office Building, Two Courthouse Square, Charleston, South Carolina to review the following:
No. 2122-C Text Change; to simplify and clarify the existing land use table and reduce the number of zoning districts.

It is uncontested that this advertisement complies with the statutory requirements regarding time and manner of notice. *See* Section 6-7-730, Code of Laws of South Carolina, 1976, as amended. Brown, however, contests the sufficiency of the advertisement to give notice that the proposed amendment would restrict existing uses of land.

Brown argues that those interested could not be reasonably apprised by the advertisement that the proposed amendments change outdoor gun ranges from a use of right to a conditional use requiring the Zoning Board's approval. He contends the advertisement lacks sufficient specificity to warn him that he could be affected by the amendments. He argues the notice is ineffective, thus rendering the amendment void.

Section 6-7-730 specifies no particular content for public notices relating to zoning amendments. But it is subject to general principles of due process that require notice which fairly and reasonably apprises those whose rights may be affected of the nature and character of the action proposed. *Cf. Sellers v. City of Asheville*, 33 N.C. App. 544, 236 S.E. (2d) 283 (1977). Amendment of a zoning ordinance accomplished pursuant to defective notice is void. *Yost v. Fulton County*, 256 Ga. 324, 348 S.E. (2d) 638 (1986).

The advertisement here did not reasonably apprise Brown that the amendment in question could potentially restrict the use of his land by taking away his entitlement to a use permit of right. The advertisement, in fact, gives no indication that the character of any use will be

changed. Thus, it is tantamount to no notice at all of an important provision that could adversely affect certain land owners. One does not contemplate that in simplifying and clarifying the existing land use table and reducing the number of the zoning districts, the county will also enact an amendment restricting existing uses. Brown had no constructive notice from the advertisement. There is no evidence of record showing that he had actual notice either. The amendment is, therefore, void.

The ruling of the circuit court is accordingly reversed and the matter remanded for entry of judgment declaring the ordinance void. Of course, the County Council is free to reenact the amendment following the proper procedures for notice and a public hearing.

Reversed and remanded.

