A95A1300. BERGMANN v. McCULLOUGH.
A95A1301. SCOTT v. McCULLOUGH.
(461 SE2d 544)

BLACKBURN, Judge.

Appellant/respondent, John S. Bergmann, pro se, appeals the order of the trial court granting appellee, Dwayne McCullough's petition to adopt his son, Dennis Martin Bergmann (the minor child). Appellant/intervenor, Betty S. Scott, pro se, appeals the trial court's order granting her grandparent visitation of the minor child under OCGA § 19-8-19 upon her motion to intervene in the adoption proceeding. Inasmuch as both cases arise out of the underlying adoption action, we have consolidated them for disposition in a single opinion.

The minor child was born out of wedlock on December 26, 1990, shortly after Bergmann was incarcerated in the Waupun Correctional Institution, Waupun, Wisconsin, upon two fifteen-year sentences to confinement. On July 6, 1992, the minor child's mother, Melinda Terrell McCullough, and McCullough were married in Indiana. The McCulloughs and the minor child moved to Georgia later in the same month. On September 23, 1993, the Lawrence Circuit Court of the State of Indiana (Indiana court) adjudged Bergmann to be the minor child's natural father at Bergmann's behest. Approximately two months later, McCullough commenced the underlying adoption proceeding. The Indiana court granted Bergmann's mother, Scott's petition for grandparent visitation rights in April 1994. The trial court's actions granting McCullough's petition to adopt and Scott's petition for grandparent visitation rights occurred on January 12, 1995, and Bergmann's and Scott's appeals followed.

*Case Nos. A95A1300 and A95A1301*

1. Citing the Parental Kidnapping Prevention Act (PKPA), 28 USC § 1738A, Bergmann and Scott first challenge the jurisdiction of

the trial court. Bergmann argues that the trial court lacked jurisdiction because its action was taken in conflict with continuing jurisdiction in the Indiana court which had earlier adjudged him to be the natural father of the minor child. Scott likewise argues continuing jurisdiction in the Indiana court upon the Indiana court's grant of grandparent visitation rights as to the minor child. Both arguments fail for lack of a child custody determination in the Indiana court within the meaning of the PKPA.

The PKPA sets out the jurisdictional criteria which govern all interstate child custody disputes. *Wilson v. Gouse*, 263 Ga. 887, 890 (441 SE2d 57) (1994). Subsection (d) of 28 USC § 1738A provides that "[t]he jurisdiction of a court of a State which has made child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c) (1) of this section continues to be met and such State remains the residence of the child or of any contestant." Subsection (c) pertinently provides that "[a] child custody determination made by a court of a State is consistent with the provisions of this section only if — (1) such court has jurisdiction under the law of such State; and (2) one of the following conditions is met: (A) such State (i) is the home State of the child on the date of the commencement of the proceeding. . . ." " '[H]ome State' means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months. . . ." 28 USC § 1738A (b) (4).

In adjudging Bergmann to be the minor child's natural father, the Indiana court's order, by its own terms, deferred any ruling "regarding custody, visitation, child support and/or payment of medical expenses, until further petition of the parties." The evidence before us indicates that the parties, Bergmann and Melinda Terrell McCullough, did not further petition the Indiana court, rendering the court's order a final order in which a child custody determination[1] was not made. Inasmuch as the judgment of the Indiana court thus became final without making a child custody determination, no jurisdiction attached under the PKPA ab initio. 28 USC § 1738A (a). Hence, none could continue. 28 USC § 1738A (d).

Approximately five months after the Indiana court rendered its judgment in Bergmann's paternity action, it granted Scott's petition for grandparent visitation. The Indiana court's grant of grandparent visitation, however, came in consequence of proceedings which Scott instituted more than a year after the minor child had moved to Geor-

---

[1] Under the PKPA " 'custody determination' means a judgment, decree, or other order of a court providing for the custody or visitation of a child. . . ." 28 USC § 1738A (b) (3).

gia with his mother. Although the Indiana court made a child custody determination incident to Scott's petition for grandparent visitation, such determination was insufficient to confer PKPA jurisdiction in that Georgia, rather than Indiana, was the minor child's home state in the six months which preceded Scott's action in Indiana to obtain visitation rights. 28 USC § 1738A (b) (4); (c) (2) (A).

Accordingly, we conclude that jurisdiction in the trial court was not foreclosed.

2. Bergmann contends that the trial court abused its discretion in granting McCullough's petition to adopt the minor child insofar as it found as fact: (1) that Bergmann had not attempted to make bona fide contact with his minor son; (2) that, as an incarcerated convicted felon who has never lived with the minor child, Bergmann has not established a familial bond with the child; and (3) that Bergmann's failure to provide support to the minor child for a period in excess of one year was unjustifiable notwithstanding his incarceration because he was able to arrange for paid legal representation during that time period; and that McCullough was suitable to adopt the minor child.

It is uncontroverted in the record that Bergmann never lived with the minor child due to his incarceration before the child was born. Although Bergmann sent letters to the minor child, he deposes that it was never his intent that they be read to the child. Further, Bergmann indicates that despite his incarceration, his parents provided him legal representation at their expense, and, had the McCulloughs been willing to allow visitation, he could have had them provide some support for the minor child. Moreover, the record reflects that the Candler County Department of Family & Community Services recommended that McCullough be permitted to adopt the minor child upon finding the McCullough home to be suitable. Apart from his argument on appeal, Bergmann offers no evidence to the contrary. Accordingly, we conclude that the trial court did not abuse its discretion and that its findings were supported by clear and convincing evidence. See *In the Interest of S. K. L.*, 199 Ga. App. 731, 734 (405 SE2d 903) (1991).

## Case No. A95A1300

3. Bergmann also enumerates that the trial court erred by refusing to permit him to appear by telephone at the final hearing in the case, denying him due process of law and the right to confront and cross-examine the witnesses against him.

Nothing in the record indicates that Bergmann sought leave of the trial court to appear by telephone at the trial court's final hearing in the instant case. "It is not the function of this court to cull the

record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Citations and punctuation omitted.) *Gale v. Obstetrics &c. of Atlanta, P. C.*, 213 Ga. App. 614, 615 (445 SE2d 366) (1994). Accordingly, we find this enumeration of error to be without merit.

4. Bergmann last asserts that he was denied the effective assistance of counsel for counsel's failure to enter his deposition in the record.

"The Sixth Amendment to the federal Constitution and Art. I, Sec. I, Par. XIV of the Georgia Constitution provide for effective assistance of counsel for one charged with a criminal offense, not participants in a civil dispute. Cf. *Haynes v. City of Lake City*, 136 Ga. App. 112, 113 (220 SE2d 33) (1975)." *Calhoun v. Maynard*, 196 Ga. App. 219, 220 (395 SE2d 645) (1990). In any event, the record reflects that Bergmann's deposition was considered by the trial court. Further, even if we considered Bergmann's deposition as attached to his brief on appeal, our decision would remain the same. In light of the foregoing, we likewise conclude this claim of error to be without merit.

## Case No. A95A1301

5. Finally, Scott contends that the trial court abused its discretion in limiting her visitation rights to the minor child to four, two-day visits per year at a distance of not more than 100 miles from the minor child's home. In this regard, Scott urges this court to reverse and remand with direction that expanded visitation rights which she proposes by her brief on appeal be ordered below. In response, McCullough argues that this court should reverse the trial court's grant of grandparent visitation rights in light of *Brooks v. Parkerson*, 265 Ga. 189 (454 SE2d 769) (1995), holding Georgia's "Grandparent Visitation Statute," OCGA § 19-7-3, unconstitutional under the state and federal constitution.

"Under the Appellate Practice Act, the dismissal of an appeal is mandatory for the three specific instances contained in subsection (b) of OCGA § 5-6-48, one of which is (3) Where the questions presented have become moot. A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights." (Citations and punctuation omitted.) *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117 (446 SE2d 794) (1994). The trial court's grant of grandparent visitation was grounded in authority contained in OCGA § 19-7-3 as an action taken before such statute was declared unconstitutional. That such authority has been held unconstitutional renders moot any question of abuse of discretion thereunder. There is no cross-appeal. "This court will upon its own motion dismiss an ap-

peal where it affirmatively appears that a decision would be of no benefit to the complaining party." (Citation and punctuation omitted.) *Kappers*, supra; *Brooks*, supra. We elect to do so here.

*Judgment affirmed in Case No. A95A1300. Appeal dismissed in Case No. A95A1301. McMurray, P. J., and Andrews, J., concur.*

DECIDED AUGUST 2, 1995 —
RECONSIDERATION DENIED AUGUST 16, 1995 — 

John S. Bergmann, *pro se.*
Betty J. Scott, *pro se.*
*Callaway, Neville & Brinson, William J. Neville, Jr.,* for appellee.