A02A0061. SHARP v. GREER, KLOSIK & DAUGHERTY et al.

(568 SE2d 503)

BARNES, Judge.

Attorney Donald J. Sharp sued Greer, Klosik & Daugherty, his former law firm, and Richard G. Greer, Frank J. Klosik, and John F. Daugherty individually and as partners of the firm. Sharp alleged the defendants filed abusive litigation against him in the form of a cross-claim and counterclaim in a previous action and intentionally inflicted emotional distress by accusing him of stealing cases and denying him fees. He also sought punitive damages under OCGA § 51-12-5. The defendants answered, denied liability, and moved to dismiss the action on the pleadings and for summary judgment. Sharp also moved for summary judgment. The trial court granted summary judgment to the defendants, and Sharp appeals, enumerating seven errors. For the reasons that follow, we affirm the trial court.

The trial court, in its excellent order, summarized the proceedings clearly and succinctly, a task not easily performed considering that all the litigants are attorneys and the record is replete with

numerous factual allegations and claims. We quote from that order as follows:

> This action is basically for the Plaintiff's attorney fees, costs and related expenses incurred in obtaining a judgment for his portion of an attorney fee generated by the successful prosecution of a wrongful death action, and for defending the defensive pleadings, counterclaim and cross-claim by other members of the firm (the Defendants herein). After obtaining a portion of the fee he sought in the related fee action in Fulton County, the Plaintiff either elected not to pursue [an OCGA] § 9-15-14 claim or failed to prosecute [an OCGA] § 9-15-14 claim for the alleged wrongful assertion by Defendants of their claims before the trial judge in the fee dispute. By various theories of law, the Plaintiff now seeks to have this Court essentially retry the fee dispute and the hotly contested factual issues already tried in the Fulton County action, to determine whether the Defendants had some factual basis for the assertion of their claims. The theories supporting damages unrelated to the Plaintiff's attorney's fees and costs fail for a number of reasons. Underlying all of the Plaintiff's claims is a contention that the Defendants failed to distribute to the Plaintiff a portion of the jointly earned fee from the wrongful death case. However, the Defendants obtained the fee proceeds by order of the trial court and held them pursuant to a Court order, an appeal from which was taken immediately by the Plaintiff's and the Defendants' respective client, who claimed entitlement to all or a portion of the fee at all times relevant to when the Defendants allegedly wrongfully withheld the Plaintiff's money. Since the amount of the fee was always in dispute, not only between the parties herein but also between them and their client, any action or inaction by the Defendants could not be the proximate cause of the Plaintiff's losses claimed herein. The Court notes with interest that the Plaintiff and the client apparently were seeking to have the Defendants pay the Plaintiff more than his one-third share of the wrongful death attorney fee in any proposed compromise of the attorney fee issue until the one-third fee with interest was awarded by the jury in the Fulton County fee dispute case.

The trial court proceeded to address each count in Sharp's complaint and granted summary judgment or judgment on the pleadings to the defendants on each one. On appeal from the grant of summary

judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the non-moving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802-803 (500 SE2d 591) (1998). We will affirm a judgment that is right for any reason. *Kaylor v. Atwell*, 251 Ga. App. 270, 272 (2) (553 SE2d 868) (2001).

1. Sharp contends that the trial court failed to review the entire record, and that some of its findings of fact were not supported by the record. However, he fails to specify which facts he contends are unsupported and therefore does not meet his burden of showing error affirmatively by the record. *White v. Arthur Enterprises*, 219 Ga. App. 124 (2) (464 SE2d 225) (1995).

2. Sharp asserts the trial court erred in granting summary judgment to the defendants based on Sharp's earlier release of Greer, contending that the release of one tortfeasor does not release others for the same harm unless it so specifies. The defendants contend that the release applies to all of them pursuant to OCGA § 13-4-80, which provides that if a creditor releases a joint debtor, the other debtors are released by operation of law. However, Sharp fails to cite to the record in discussing the terms of the release, which does not appear to be in the record. "It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Citation and punctuation omitted.) *Bergmann v. McCullough*, 218 Ga. App. 353, 355-356 (3) (461 SE2d 544) (1995). Accordingly, we find this enumeration to be without merit.

3. Sharp asserts that the trial court erred in granting summary judgment to the defendants on his Racketeer Influenced and Corrupt Organizations (RICO) Act claim, in which he alleged a pattern of false swearing, perjury, and subornation of perjury for the purpose of controlling money to which he was entitled. He further asserts that these actions caused him damage because through them the defendants delayed paying him his attorney fees in the underlying case. However, his right to these fees and the defendants' actions in the previous lawsuit were fully litigated in that suit. The trial court did not err in granting summary judgment to the defendants on Sharp's RICO claim. See *Markowitz v. Wieland*, 243 Ga. App. 151, 155 (2) (c) (532 SE2d 705) (2000).

4. Sharp contends the trial court erred in granting summary judgment to the defendants on his claim for intentional infliction of emotional distress. Pretermitting whether Sharp's claims are time-barred, we agree with the trial court that the claims alleged do not rise to the level of outrageousness and egregiousness required to sustain such an action. *Amstadter v. Liberty Healthcare Corp.*, 233 Ga. App. 240, 243 (2) (503 SE2d 877) (1998).

5. Sharp alleges he is entitled to partial summary judgment "as to liability for Castona." Presumably he means he is entitled to partial summary judgment on his count for abusive litigation regarding certain claims made by the defendant. In arguing this point, Sharp does not cite to the record to support most of his factual allegations regarding the defendants' admissions and undisputed facts. For that matter, neither do the defendants. Court of Appeals Rule 27 (c) (1) and (2) clearly require specific references to the record, and on appeal this Court will not cull the record on the parties' behalf. *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (b) (487 SE2d 354) (1997). Accordingly, we find no error in the trial court's denial of partial summary judgment to Sharp.

6. The trial court did not err in granting summary judgment to the defendants on Sharp's punitive damages claim, as without entitlement to compensatory damages punitive damages may not be recovered. *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 270 (2) (416 SE2d 274) (1992). Further, punitive damages are not available pursuant to an abusive litigation claim. *Alcovy Properties v. MTW Investment Co.*, 212 Ga. App. 102, 104 (4) (441 SE2d 288) (1994).

7. Finally, Sharp asserts that the trial court erred in several ways in granting summary judgment on his abusive litigation claim, brought under OCGA § 51-7-80 et seq. Pursuant to OCGA § 51-7-83 (b), a claimant must proceed under OCGA § 9-15-14 if he seeks only attorney fees and costs. Sharp contends that he complied with the statutory requirements of OCGA § 51-7-83 (b) simply by pleading for punitive damages and damages for intentional infliction of emotional distress and RICO violations, regardless of whether he is successful in obtaining them. However, the pleadings alone will not support the abusive litigation claim if the damages other than attorney fees and costs do not survive summary judgment. The trial court did not err in granting summary judgment to the defendants on Sharp's abusive litigation claim.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 11, 2002 —
RECONSIDERATION DENIED JULY 8, 2002 — 

*Lee W. Fitzpatrick, Donald J. Sharp*, for appellant.

*Greer, Klosik, Daugherty & Swank, Robert J. McCune*, for appellees.