THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In Re:  Kathleen Blalock and William Blalock,       
Appellants,
 
 
 

v.

 
 
 
City of Aiken, City of Aiken Planning Department, City of Aiken Board 
 of Zoning Appeals, Bruce McGhee and Janis McGhee, d/b/a Aiken Mile Track,       
Respondents.
 
 
 

Appeal From Aiken County
Rodney A. Peeples, Circuit Court Judge

Unpublished Opinion No. 2004-UP-057
Submitted January 12, 2004  Filed January 29, 2004

AFFIRMED

 
 
 
James D. Nance and A. Shane Massey, both of Aiken, for Appellants.
Bruce McGhee, Janis McGhee and Richard L. Pearce, 
 all of Aiken, for Respondents.
 
 
 

PER CURIAM:  William and Kathleen Blalock 
 appeal an order by the City of Aikens Board of Zoning Appeals (BZA), subsequently 
 affirmed by the circuit court, granting Bruce and Janet McGhee a special exception 
 to the citys zoning ordinance.  We affirm.
FACTS
The McGhees own and operate a horse 
 racing and training facility in the Horse District zone of Aiken.  They filed 
 an application with the BZA for a special exception to the citys zoning ordinance 
 to construct an eating establishment, tack shop, grooms quarters and trainers 
 quarters on the 78- acre property.  
The BZA, as required by the zoning ordinance, 
 scheduled a public hearing on the matter.  Prior to the hearing, they conspicuously 
 posted notice on the actual property.  Notice was also published in the local 
 newspaper, on a local cable television station, on the citys web site, and 
 mailed to all contiguous property owners.  The notice, while listing all of 
 the proposed uses requiring a zoning exception (including the restaurant), did 
 not specify whether alcohol would be served on the premises.
The Blalocks own residential property 
 abutting the McGhees.  They received a mailed notice of the public hearing.  
 They chose not to personally attend the hearing, but sent a letter expressing 
 their objection to all of the McGhees requested exceptions to the zoning ordinance.  
 The possibility of alcohol sales in the restaurant was acknowledged and discussed 
 at the hearing.  Thereafter, the BZA granted the application for special exceptions, 
 but placed ten conditions on the approval, including a mandatory 9:00 p.m. closing 
 time.
The Blalocks appealed this order to the 
 circuit court.  They argued that the absence in the notice of any indication 
 that alcohol would be served on the McGhees property amounted to a violation 
 of both the notice provision of the zoning ordinance and their constitutional 
 guarantee of due process.  Furthermore, they argued that the zoning ordinance 
 itself prohibits the sale of alcohol within the Horse District. The judge denied 
 their appeal and affirmed the order of the BZA.  This appeal follows.
LAW / ANALYSIS
I.       The Notice Provision and Due Process
The notice provision 
 of the zoning ordinance requires that mailed notice inform recipients of the 
 nature of the application.  See Zoning Ordinance, City of Aiken, § 
 6.1.4(C)  Additionally, the Due Process Clauses of the Constitutions of the 
 United States and South Carolina require notice which fairly and reasonably 
 apprises those whose rights may be affected of the nature and character of the 
 action proposed.  Brown v. County of Charleston, 303 S.C. 245, 247, 
 399 S.E.2d 784, 786 (Ct. App. 1990).  Appellants argue that the absence of any 
 indication of alcohol sales in the Citys notice of the public hearing violated 
 the ordinance by not specifying the nature of the application and the Due 
 Process Clauses by not apprising them of the true nature and character of the 
 action, thus denying them an opportunity to be heard in a meaningful way.  
 See Universal Benefits, Inc. v. McKinney, 349 S.C. 179, 183, 561 
 S.E.2d 659, 661 (Ct. App. 2002).   We disagree.
The Due Process Clause 
 of the U.S. Constitution demands only notice reasonably calculated, under all 
 the circumstances, to apprise interested parties of the pendency of the action 
 and afford them an opportunity to present their objections.  Mullane v. 
 Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657 
 (1950); S.C. Const. art. I, § 22 (No person shall be finally bound by a judicial 
 or quasi judicial decision of an administrative agency affecting private rights 
 except on due notice and an opportunity to be heard).  We find that the City 
 of Aikens actions to notify the community of this public hearing exceeded this 
 constitutional mandate.  Notice was posted and published in several adequate 
 forms, best evidenced by the fact that the Blalocks received actual notice in 
 time to attend the hearing had they been so inclined. 
 The Blalocks arguments 
 hint to the fact that they would have been present at the hearing had they known 
 the McGhees were contemplating the sale of alcohol on the premises.  While this 
 may be true, minimum due process requirements simply do not mandate the degree 
 of specificity desired by the Blalocks.  The nature of the application and 
 character of the action was adequately described in the notice.  This hearing 
 was to offer the public an opportunity to comment on an exception to the zoning 
 ordinance, not a grant of a liquor license.   
We conclude that the 
 Blalocks were given reasonable notice of the nature of the application.  Had 
 they desired more detail regarding the restaurant or wished to better articulate 
 their objections to the proposed zoning exceptions, it was their right to attend, 
 ask questions, and present any specific objections.  They chose, however, to 
 be meaningfully heard in writing rather than personally attend the hearing.  
 Furthermore, not only did the BZA consider the Blalocks letter, but the issues 
 they claim to have been denied the opportunity to raise were raised by others 
 and considered at the hearing.  Due process mandates that every interested party 
 be granted the opportunity to be heard, not that every interested party, regardless 
 of the partys own initiative, is actually heard.  We find that the Blalocks 
 were given due process and the zoning ordinances notice requirement was satisfied.
II.      The Zoning Ordinance
The Blalocks 
 contend that the zoning ordinance prohibits the sale of alcoholic beverages 
 within the Horse District and, therefore, the BZA improperly granted the special 
 exception by not expressly prohibiting the sale of alcohol at the proposed restaurant 
 in its order.  We disagree.
A zoning boards decision 
 should not be disturbed unless the boards findings resulted from action which 
 is arbitrary, an abuse of discretion, illegal, or in excess of lawfully delegated 
 authority.  Bannum, Inc. v. City of Columbia, 335 S.C. 202, 205, 516 
 S.E.2d 439, 440 (1999).  This court should refrain from substituting its judgment 
 for that of the BZA, even if we disagree.  See Restaurant Row Assocs. 
 v. Horry County, 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999).  While recognizing 
 that this court is permitted a broader and more independent review in cases 
 such as this, concerning ordinance construction, we choose to maintain this 
 well-recognized deference to the zoning boards discretion.  See Charleston 
 County Parks & Recreation Commn v. Somers, 319 S.C. 65, 67, 459 S.E.2d 
 841, 843 (1995) (applying a broader scope of review in ordinance construction 
 cases).
The ordinance expressly allows 
 a restaurant in the Horse District by special exception under the category of 
 Eating Establishments.  Although the ordinance prohibits a liquor store 
 and nightclub or bar under a separate category titled Retail Sales and Service, 
 we do not find by implication, as the Blalocks suggest, an outright prohibition 
 on all alcohol sales.  Were it the intention of the drafters to ban all alcohol 
 sales in the Horse District, they could have very simply done so in a clear, 
 express manner.  Given our standard of review, we are constrained to defer to 
 the zoning boards interpretation absent evidence of arbitrariness, abuse of 
 discretion, or illegality.  There is no such evidence here.  Thus, we defer 
 to the decision of the BZA that the zoning ordinance does not ban the sale of 
 alcohol outright in the Horse District. 
CONCLUSION
In accordance with the broad 
 discretion vested in the BZA and the multiple notices that comply with due process, 
 the order of the BZA is
AFFIRMED.
HEARN, C.J., HOWARD, and KITTREDGE, JJ., concur.