A04A0759. SCHMITT et al. v. JACKSON COUNTY et al.
(601 SE2d 169)

RUFFIN, Presiding Judge.

This is a zoning case in which the Jackson County Board of Commissioners approved Clay Dale's application to rezone certain land in Jackson County. Roy Schmitt and Tina Russano appealed the rezoning decision to the superior court and sought a declaratory judgment that the decision was null and void. Following a hearing, the superior court granted Dale's motion for summary judgment,[1] and Schmitt and Russano now appeal to this Court. For reasons that follow, we affirm.

Summary judgment is appropriate where the evidence of record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence and all reasonable inferences from it in a light most favorable to the nonmovant.[3]

Viewed in this manner, the record shows that in February 2003, Dale filed an application for rezoning as part of a proposed residential

---

[1] Dale originally filed a motion for judgment on the pleadings, but later filed an amendment to reinstate the motion as one for summary judgment.

[2] OCGA § 9-11-56 (c).

[3] See *Moore v. ECI Mgmt.*, 246 Ga. App. 601 (542 SE2d 115) (2000).

development. In the application, Dale sought reclassification of certain property from A-2 to R-1. The Jackson County Planning Commission held a public hearing on the application on March 27, 2003. Following the hearing, the Planning Commission recommended denial of the petition, then referred the matter to the Jackson County Board of Commissioners. The Board held a public hearing on the application on April 7, 2003, and subsequently approved the application on May 5, 2003.

Schmitt and Russano appealed the Board's decision to the superior court. They also sought a declaration that the decision was null and void because the Board failed to follow the procedures established in OCGA § 36-67-3 and relevant zoning ordinances.

Dale moved for summary judgment, asserting that Schmitt and Russano failed to raise a constitutional challenge before the Board and that OCGA § 36-67-3 did not apply to the Jackson County proceeding. In response, Schmitt and Russano admitted that they did not raise a constitutional challenge at the May 5, 2003 meeting, but asserted that the Board deprived them of the opportunity to speak.[4]

Based on the pleadings and evidence presented at the hearing, the superior court granted Dale's motion, finding that Schmitt and Russano failed to raise a constitutional challenge at the Board's April 7, 2003 public hearing, that the zoning regulations did not require that they be given more than one opportunity to raise such a challenge, and that their contention that they were improperly deprived of a second opportunity to speak at the May 5 meeting thus lacked merit. The court further held that the failure to raise a constitutional challenge barred review by the court. The court also found that the Board was not bound by OCGA § 36-67-3, which requires planning departments to make a written record of their investigations and findings,[5] because the statute only applies to counties with more than 625,000 people,[6] and Jackson County did not meet this requirement. In so ruling, the court took judicial notice of the 2000 decennial census. Finally, the court held that whether the Board followed its own procedures was not reviewable by the court.

1. Schmitt and Russano argue that the trial court erred in granting summary judgment based on their failure to raise a constitutional attack.[7] However, Georgia law is clear that a constitutional

---

[4] However, both Schmitt and Russano testified that they filed with the Board a petition in opposition to the rezoning prior to the May 5 hearing.

[5] See OCGA § 36-67-3.

[6] See id.

[7] Schmitt and Russano's complaint does not appear to raise any constitutional issue. Instead, it alleges that the Board acted arbitrarily, committed fraud, and abused its discretion. On appeal, however, Schmitt and Russano focus solely on whether they sufficiently preserved

attack on a zoning classification cannot be made for the first time in the superior court.[8] Although Schmitt and Russano may have raised other issues regarding the rezoning classification before the Board, the record is devoid of evidence that they raised any constitutional challenge prior to their appearance in superior court. Accordingly, the trial court did not err in granting summary judgment on this ground.

2. Relying on *Yost v. Fulton County*,[9] Schmitt and Russano also argue that their declaratory judgment action should survive summary judgment, despite their failure to raise a constitutional challenge, because factual questions remain as to whether they were denied due process and proper hearing procedures. We disagree.

In *Yost*, the plaintiffs sought a declaratory judgment to establish the proper zoning of the property at issue. Our Supreme Court found that the plaintiffs were denied the opportunity to speak at the zoning hearing and that "notice and hearing procedures . . . concerning [the property at issue] were so defective that no action taken by the Commission . . . legally affected the property."[10] The record here, unlike *Yost*, shows that, pursuant to the requirements of the applicable zoning ordinance, two public hearings were held prior to the May 5 meeting. Schmitt and Russano failed to raise a constitutional issue at either hearing, and the ordinance did not require that they be given yet another opportunity at the May 5 meeting.[11] Accordingly, the trial court did not err in rejecting Schmitt and Russano's claims pursuant to *Yost*.[12]

In addition to the alleged lack of notice and opportunity to speak, Schmitt and Russano contend that questions of fact remain as to whether the Board violated other provisions of the ordinance. They have made no effort, however, to cite any provision that was violated or point to any evidence of a violation. In fact, their appellate brief contains few, if any, citations to the record. Because Schmitt and Russano have cited no evidence supporting their claim of procedural

---

a constitutional claim, presumably one relating to due process although this is not clear from their brief, and neither party addresses the claims set forth in the complaint. As Schmitt and Russano do not raise these other claims, we do not address them on appeal.

[8] See *Ashkouti v. City of Suwanee*, 271 Ga. 154 (516 SE2d 785) (1999).

[9] 256 Ga. 324 (348 SE2d 638) (1986).

[10] Id. at 325-326 (1).

[11] We note that Schmitt and Russano assert that the issue of rezoning to R-1 did not surface until the May 5 meeting. However, the record belies this assertion, given that Dale's application actually requested rezoning to R-1. Furthermore, nothing in the minutes of the April 7, 2003 public hearing indicates that the Board removed the proposed R-1 classification from discussion at the hearing.

[12] See *Yost*, supra.

violations, they have not shown that the trial court erred in granting summary judgment on these claims.[13]

3. Schmitt and Russano also claim that the judge erred with respect to certain evidentiary issues. First, Schmitt and Russano argue that the judge improperly allowed a nonmovant co-defendant to testify. Schmitt and Russano cite no authority, and we have not located any, to support their argument that a party to an action is prohibited from speaking at a hearing related to that action. Accordingly, we find no error.

Second, Schmitt and Russano argue that the court improperly considered an untimely affidavit. However, because they failed to raise the issue of timeliness below, this argument is waived.[14]

Finally, Schmitt and Russano argue that the judge erred in taking judicial notice of the decennial census to determine that the Board did not have to comply with OCGA § 36-67-3. We disagree. Our Supreme Court has specifically found that judicial notice may be taken of census figures for determining population characteristics in counties.[15] Accordingly, we affirm.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED JUNE 10, 2004.

*Weissman, Nowack, Curry & Wilco, Ryan M. Pott,* for appellants.
*Brennan & Wasden, Christopher D. Elrod, Haygood & Pruett, Michael C. Pruett,* for appellees.

---

[13] See *Sharp v. Greer, Klosik & Daugherty,* 256 Ga. App. 370, 372 (2) (568 SE2d 503) (2002) ("It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record.") (punctuation omitted).

[14] See *Gunter v. Hamilton Bank of Upper East Tenn.,* 210 Ga. App. 379, 381 (411 SE2d 115) (1991).

[15] See *Cochran v. State,* 256 Ga. 113, 115 (8) (344 SE2d 402) (1986).