606 S.E.2d 773

Joseph GLOVER, Emily Gaillard, Jewell G. Dangerfield, John S. Templeton, Charles Huff, Appellants,

v.

COUNTY OF CHARLESTON, County of Charleston Planning Commission, William Miller, in his individual and official capacity, Michelle Loy in her official Capacity as a member of the Charleston County Planning Commission, Defendants,

of whom County of Charleston, County of Charleston Planning Commission are the, Respondents.

No. 25904.

Supreme Court of South Carolina.

Heard Oct. 7, 2004.

Decided Dec. 6, 2004.

636

Thomas R. Goldstein, of Belk, Cobb, Infinger & Goldstein, PA, of Charleston, for Appellants.

Joseph Dawson, III, and Bernard E. Ferrara, of North Charleston, for Respondents.

Justice WALLER:

Appellants,[1] property owners in Charleston County, brought this action alleging the County's newly implemented Unified Development Ordinance (UDO) effectively re-zoned their property, depriving them of due process and equal protection, and resulting in a taking of their property without just compensation. The trial court granted summary judgment to respondents (collectively County). We affirm.

---

1. Joseph Glover died during the pendency of this appeal. His estate was never substituted as a party such that neither he, nor his sister Emily Gaillard, no longer have any interest in this case.

## FACTS

In 1994, the General Assembly passed the South Carolina Local Government Comprehensive Planning Enabling Act of 1994 requiring local governments to develop a comprehensive planning plan. S.C.Code Ann. § 6–9–310 through § 6–29–1200 (2004). Pursuant to the act, Charleston County formed a Joint Planning Policy Committee which, between 1997–1998, held fifteen advertised public meetings to solicit input on the development of the Charleston County Comprehensive Plan (Plan). In conjunction with adoption of the Plan,[2] County referred a Unified Development Ordinance (UDO) to the newly created Charleston County Planning Commission for review.

The Planning Commission recommended several amendments to the UDO. Thereafter, County Council advertised in the local newspaper and held numerous public hearings between June and November 2000. As a result of the hearings, Council approved various amendments to the UDO in February 2001. In November 2001, after three additional public hearings and 40,000 notices were sent to property owners, Council adopted the UDO by Ordinance No. 1202.

In November 2000, prior to adoption of Ordinance No. 1202, appellants filed a complaint challenging the **proposed** UDO. The complaint sought an injunction and alleged the proposed UDO would "reclassify" every parcel of real estate in the unincorporated areas of the county. Appellants maintained the alleged "reclassification" was accomplished without conspicuous notice which they contended was required by S.C.Code Ann. § 6–9–760 (2004). The complaint further alleged due process and equal protection violations, and that the UDO effected an unconstitutional taking of their property.[3]

---

2. The Plan was adopted by Ordinance No. 1095 in April 1999.

3. According to the parties and the circuit court's order, Judge Lockemy granted a temporary injunction in July 2001; however, the court stayed the order for ninety days in order for the County to either adopt the ordinance or stop enforcing the UDO. Before the order was signed, appellants withdrew their motion for a preliminary injunction, and the court rescinded its prior order. County then adopted the ordinance on November 20, 2001.

Both sides moved for summary judgment. After a hearing, Judge Rawl granted summary judgment to County.

## ISSUE

Did the circuit court err in granting summary judgment to County?

## STANDARD OF REVIEW

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Cunningham ex rel. Grice v. Helping Hands, Inc.,* 352 S.C. 485, 575 S.E.2d 549 (2003). In determining whether any triable issues of fact exist for summary judgment purposes, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Id.* The opposing party may not rest upon mere allegations, but must respond with specific facts showing a genuine issue. *City of Columbia v. Town of Irmo,* 316 S.C. 193, 447 S.E.2d 855 (1994).

## DISCUSSION

### a. Lack of notice

Initially, Appellants assert they were denied due process because they were not provided with conspicuous notice as required by S.C.Code Ann. § 6–29–760 (2004), which provides, in pertinent part:

**Before enacting or amending any zoning regulations** or maps, the governing authority or the planning commission, if authorized by the governing authority, shall hold a public hearing on it, which must be advertised and conducted according to lawfully prescribed procedures. If no established procedures exist, then **at least fifteen days' notice of the time and place of the public hearing must be given in a newspaper** of general circulation in the municipality or county. **In cases involving rezoning, conspicuous notice shall be posted on or adjacent to the property affected,** with at least one such notice being visible from each public thoroughfare that abuts the property. (emphasis supplied).

■ We find County's adoption of the UDO was merely the enactment of an ordinance, such that the newspaper publication was sufficient. Contrary to appellants' contention, this simply was not a rezoning. Accordingly, "conspicuous" notice by posting was not required. *State v. Blackmon,* 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991) (when terms of statute are clear and unambiguous, court must apply them according to their literal meaning. Furthermore, in construing a statute, words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation).

Appellants' reliance upon the Court of Appeals' opinion in *Brown v. County of Charleston,* 303 S.C. 245, 399 S.E.2d 784 (Ct.App.1990) is misplaced. In *Brown,* the Court of Appeals dealt with the effect of a zoning amendment which changed the plaintiff's right to operate an outdoor gun range from a use of right to a use which required a permit. The Court of Appeals noted it was uncontested that the **manner** of notice in that case, i.e., newspaper publication, complied with the statutory requirements concerning time, place, and manner. 303 S.C. at 247, 399 S.E.2d at 785. The Court went on to hold, however, that the published newspaper advertisement lacked sufficient specificity to warn the plaintiff he could be affected by the amendments. Accordingly, finding no evidence the plaintiff had either constructive or actual notice of the character of the action posed, the Court of Appeals found the amendment void.

*Brown* is simply inapposite. Appellants here have not challenged the **sufficiency** of the notice published in the newspaper. On the contrary, they claim only that they were entitled to "conspicuous notice" via posting. Further, it is patent that each of the plaintiffs had **actual** notice of the proposed UDO, as evidenced by the fact that they brought suit in November **2000,** they attended public hearings on the matter, and at least one appellant, Glover, received one of the 40,000 mailed notices concerning the UDO. We find appellants' actual notice sufficient. Accordingly, the trial court properly found no due process or equal protection violations resulted from the alleged lack of notice.

### b. Unconstitutional Taking

Appellants next assert the trial court improperly granted summary judgment on their takings claims. We disagree.

If a land-use regulation substantially advances legitimate government interests and does not deny the owner of all economically viable use of his land, it does not constitute a taking. *Westside Quik Shop, Inc. v. Stewart*, 341 S.C. 297, 305–06, 534 S.E.2d 270, 274, *cert. denied*, 531 U.S. 1029, 121 S.Ct. 606, 148 L.Ed.2d 518 (2000). Regulatory delay does not normally give rise to a temporary taking claim. *First English Evangelical Lutheran Church v. Los Angeles County*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). "Similarly, although a property owner who successfully challenges the applicability of a governmental regulation is likely to have suffered some temporary harm during the process, the harm does not give rise to a constitutional taking." *Sea Cabins v. City of North Myrtle Beach*, 345 S.C. 418, 436, 548 S.E.2d 595, 604 (2001). Moreover, a zoning classification is not unconstitutional simply because a developer is deprived of a more profitable use of his property. *Bear Enterprises v. County of Greenville*, 319 S.C. 137, 459 S.E.2d 883 (Ct.App.1995).

We find no evidence of a taking in this case. Appellants simply have not demonstrated that they were, even temporarily, denied all economically viable use of their land. Appellants' complaint alleges only that they can not sell their property for fair market value, and that the ordinance severely restricts subdivision. It is patent appellants have not been denied all economically viable use of their land, such that the trial court properly granted summary judgment on their takings claim. *Fleming v. Rose*, 350 S.C. 488, 567 S.E.2d 857 (2002) (summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law).

### c. Equal Protection/Wealth based classification

Appellants next assert County divided all of the citizens in the unincorporated areas of Charleston into unlawful racial groups, in violation of equal protection. This argument was first raised at the summary judgment hearing, and was quite different from the allegations of their complaint, which

essentially alleged it was an equal protection violation to treat people in unincorporated areas differently than those in corporate limits, and that the ordinance required those people in unincorporated areas to spend exorbitant sums to comply with the UDO. Further, the circuit court did not specifically rule on appellants' assertions concerning the "settlement areas." Accordingly, this argument is not preserved for review. *State v. 192 Coin–Operated Video Game Machines,* 338 S.C. 176, 525 S.E.2d 872 (2000) (equal protection argument not preserved for review where lower court did not address it and appellant did not raise it in motion to reconsider).

■ Moreover, there is simply no evidence in the record bearing out appellants' assertions that the ordinance is based upon impermissible race or wealth-based classifications. We find summary judgment was properly granted.

The judgment below is

**AFFIRMED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.