## 40873. GOLDEN v. WHITE et al.
### (316 SE2d 460)

SMITH, Justice.

This is a zoning case. In 1969 appellant Golden purchased approximately four acres of land and a house zoned for single-family residential use in the city of Locust Grove. In 1970 she petitioned the joint city-county planning commission to rezone the property for multi-family use so that apartments could be constructed on it. Notice was given in the form of a legal advertisement of the proposed change and a "billboard" erected on the property; however, the time of the hearing concerning the proposed change was misstated on these notices and neighbors (appellees) who sought to attend the hearing were met by locked doors at the city hall. No further official notice was ever given. The city council met five days later and rezoned the property as requested by the petitioner. None of the present appellees had knowledge of or attended this city council meeting, although they desired to do so. The city zoning map was thereafter amended to reflect the decision of the city council.

In April 1983, thirteen years later, the neighbors observed surveyors on the property preparing the site for possible development. Upon inquiry they only then discovered the result of the 1970 meeting of the city council. In May 1983 they filed suit, contending that the 1970 rezoning was void and seeking an injunction against the planning commission to prohibit issuance of building permits for the construction of the proposed apartments. In its answer to the complaint, the city of Locust Grove admitted that the rezoning was improper. After a hearing the superior court found that there had been insufficient notice of the meeting at which the issue of this rezoning was decided and declared the 1970 rezoning of appellant's property to be null and void. Golden, owner of the property, now appeals and we affirm.

1. The record contains notices published June 18 and 25, 1970, to the effect that a hearing was to be held on July 1, 1970, on the question of rezoning the property from single-family residential to multi-family residential. The advertisement contained several errors. One street name was misspelled, a superseded name was used for another street, and the applicant's name was misspelled. The city council did not meet to conduct a hearing on the appointed date, and the neighbors who arrived at city hall to attend the hearing and register their protests to the proposed rezoning found it to be locked. The mayor of Locust Grove arrived while the neighbors were waiting outside city hall and informed them that there would be a "meeting" at some later, unspecified, time. The rezoning petition was then taken up at a

regular session of the city council on July 6, 1970, and the rezoning was approved without an opportunity for the neighbors to be heard. The local zoning ordinance in effect at the time required that notice be given at least 15 days prior to the hearing date.

Obviously the advertisement did not give 15 days' notice of the July 1, 1970 hearing that was never held; nor did this advertisement give notice of the July 6 meeting during which action was finally taken. The notice was thus fatally defective in at least one of two ways: it failed to comply with the 15-day rule; and it failed to give notice of the hearing at which the proposed rezoning was adopted. In either event, the attempted rezoning was invalid. In *South Jonesboro Civic Assn. v. Thornton,* 248 Ga. 65 (281 SE2d 507) (1981), we stated that a governmental agency must strictly comply with notice requirements embodied in zoning ordinances. There, as here, it was undisputed that a published notice misstated the date on which the rezoning hearing would be held. It has long been the rule that failure to comply with notice requirements renders an attempted rezoning invalid. See *Jennings v. Suggs,* 180 Ga. 141 (178 SE 282) (1935). We conclude that the trial court correctly ruled that the attempted rezoning of appellant's property was null and void for failure to provide proper public notice of the rezoning hearing.

2. Because we hold that the attempted 1970 rezoning was a nullity, appellant's argument based on the equitable doctrine of laches must fail. See *Toomey v. Norwood Realty Co.,* 211 Ga. 814 (89 SE2d 265) (1955).

*Judgment affirmed. All the Justices concur, except Weltner, J., disqualified.*

DECIDED JUNE 12, 1984 — REHEARING DENIED JULY 2, 1984.

*Crumbley & Crumbley, Wade M. Crumbley,* for appellant.
*Ted D. Spears, Philip T. Keen, Smith, Welch & Meadows, A. J. Welch, Jr.,* for appellees.