Bruce **HAWK**, Appellant

v.

The **ELDRED TOWNSHIP BOARD OF SUPERVISORS.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 2009.

Decided Oct. 6, 2009.

Reargument Denied Nov. 20, 2009.

become available and would have changed the outcome of the trial if it had been introduced.

Gerard J. Geiger, Stroudsburg, for appellant.

Michael B. Kaspszyk, Pocono Summit, for appellee.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Bruce Hawk (Hawk) appeals from an order of the Court of Common Pleas of Monroe County (trial court) denying his land use appeal seeking to have (1) the Eldred Township Zoning Ordinance (Ordinance) declared void *ab initio*[1] for failure by the Eldred Township Zoning Hearing Board (Zoning Board) to follow proper statutory procedures when adopting the Ordinance and (2) Section 5571.1 of the Judicial Code, 42 Pa.C.S. § 5571.1,[2] de-

---

1. The doctrine of void *ab initio* is a legal theory stating that a statute held unconstitutional is void in its entirety and is treated as if it had never existed. For a thorough discussion of the history of the void *ab initio* doctrine, *see Glen–Gery Corporation v. Zoning Hearing Board of Dover Township,* 589 Pa. 135, 143–45, 907 A.2d 1033, 1037–38 (2006).

2. 42 Pa.C.S. § 5571.1 provides:

(a) Applicability; court of common pleas.—
(1) This section shall apply to any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision.
(2) An appeal pursuant to this section shall be to the court of common pleas.
(b) Appeals of defects in statutory procedure.—
(1) Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance.

(2) Except as provided in subsection (c), it is the express intent of the General Assembly that this 30 day limitation shall apply regardless of the ultimate validity of the challenged ordinance.
(c) Exemption from limitation.—An appeal shall be exempt from the time limitation in subsection (b) if the party bringing the appeal establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights.
(d) Presumptions.—Notwithstanding any other provision of law, appeals pursuant to this section shall be subject to and in accordance with the following:
(1) An ordinance shall be presumed to be valid and to have been enacted or adopted in strict compliance with statutory procedure.
(2) In all cases in which an appeal filed in court more than two years after the intended effective date of the ordinance is

clared unconstitutional because it restricts him from contesting the adoption of the Ordinance.

## I.

### A.

Hawk owns a 21.27 acre parcel of property in a commercial zoning district of Eldred Township, Pennsylvania. In May 2007, Hawk cleared and graded land on that property and constructed an oval dirt course with jumps and banked turns. Hawk also created a "Weekend Warriors Club" whose members used his track for riding motorcycles and ATVs. Race tracks are not a permitted use in a commercial zoning district.

That summer, the Township zoning officer issued a zoning enforcement notice citing Hawk for operating a race track without a zoning permit. Hawk appealed the enforcement notice to the Zoning Board, which denied his appeal. He later filed two permit applications with the Township. The first application was to allow Hawk to use his property for the riding of ATVs and other recreational vehicles. The second concerned the private recreational club using Hawk's property for the riding of motorcycles and ATVs. The Township zoning officer denied the first permit but granted the second one as long as the property was only used by the club for meetings, routine socializing and recreation. Hawk again appealed to the Zoning Board.

On March 11, 2008, the Zoning Board affirmed the denial of Hawk's first permit application because the riding of motor vehicles fell within the Ordinance's definition of "race track" and was not a permitted use in a commercial zoning district. The Zoning Board also found that Hawk's use of the property as a race track was not a permitted use for a private club in a commercial zoning district. Hawk appealed this decision to the trial court, which affirmed. He then appealed the decision to this court, which, in an opinion dated July 1, 2009,[3] again affirmed.

### B.

On October 10, 2008, Hawk filed another

allowed to proceed in accordance with subsection (c), the political subdivision involved and residents and landowners within the political subdivision shall be presumed to have substantially relied upon the validity and effectiveness of the ordinance.

(3) An ordinance shall not be found void from inception unless the party alleging the defect in statutory procedure meets the burden of proving the elements set forth in subsection (e).

(e) Burden of proof.—Notwithstanding any other provision of law, an ordinance shall not be found void from inception except as follows:

(1) In the case of an appeal brought within the 30 day time limitation of subsection (b), the party alleging the defect must meet the burden of proving that there was a failure to strictly comply with statutory procedure.

(2) In the case of an appeal which is exempt from the 30 day time limitation in accordance with subsection (c), the party alleging the defect must meet the burden of proving each of the following:

(i) That there was a failure to strictly comply with statutory procedure.

(ii) That there was a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance.

(iii) That there exist facts sufficient to rebut any presumption that may exist pursuant to subsection (d)(2) that would, unless rebutted, result in a determination that the ordinance is not void from inception.

3. *Hawk v. Eldred Township Zoning Hearing Board* (No. 2100 C.D.2008, filed July 1, 2009).

"appeal" with the trial court.[4] This "appeal" actually constituted a challenge to the method by which the Ordinance was enacted. Hawk contends, and the Board of Supervisors of Eldred Township (Supervisors) do not dispute, that the procedures used in adopting the Ordinance did not strictly comply with statutory procedures prescribed by the Municipal Planning Code (MPC).[5] These include: failure to submit the proposed Ordinance to the Monroe County Planning Commission (MCPC);[6] revision of the draft ordinance without submitting it to the MCPC and/or Township Planning Commission for recommendations;[7] failure to advertise a summary of amendments at least 10 days prior to enactment of the Ordinance;[8] failure to file an attested copy of the Ordinance with the Monroe County Law Library, other county offices, or a newspaper of general circulation;[9] failure to hold a public meeting with the Township Planning Commission;[10] and failure to provide a copy of the Ordinance to the MCPC within 30 days of its enactment.[11] Because these statutory procedures were not followed, Hawk contends that the Ordinance is void *ab initio*.

Despite these procedural defects, the Township, which had never had a zoning ordinance before, did take many measures to publicize its efforts to enact the Ordinance and invite public input. It began holding zoning planning meetings twice each month throughout 2002 and 2003 that were publicly advertised and open to the public. Prior to the eventual enactment of the Ordinance in 2004, the Supervisors also held two public hearings, both of which were advertised in a public notice in the Pocono Record newspaper that included links to two websites where the complete text of the Ordinance could be viewed. The second public notice stated that the Supervisors would consider enacting the Ordinance at one of the next two regularly scheduled meetings, which were held every other Wednesday. The Supervisors enacted the Ordinance at the second regularly scheduled meeting on April 21, 2004. Finally, the Pocono Record ran a front page story the next day concerning the adoption of the new Ordinance.

Hawk also contends that the newly enacted Section 5571.1 of the Judicial Code is unconstitutional because it restricts his ability to challenge the Ordinance as void *ab initio*. The trial court denied Hawk's appeal, holding that Section 5571.1 is constitutional, that it applies to Hawk, and that he may not challenge the Ordinance as void *ab initio* because his due process rights were not violated. This appeal followed.

**C.**

The limitation of time to bring an appeal challenging the procedures used to enact

---

4. Hawk originally filed his procedural challenge with the Zoning Board but then requested the Zoning Board to table his challenge when he realized that the trial court had original jurisdiction over procedural challenges pursuant to 42 Pa.C.S. § 5571.1(a)(2). "An appeal pursuant to this section shall be to the court of common pleas."

5. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

6. *See* Section 607(e) of the MPC, 53 P.S. § 10607(e).

7. *See* Section 609(e) of the MPC, 53 P.S. § 10609(e).

8. *See* Section 610(b) of the MPC, 53 P.S. § 10610(b).

9. *See* Section 610(a)(2) of the MPC, 53 P.S. § 10610(a)(2).

10. *See* Section 607(b) of the MPC, 53 P.S. § 10607(b).

11. *See* Section 608 of the MPC, 53 P.S. § 10608.

zoning ordinances has been the subject of much judicial and responding legislative action since our Supreme Court's decision in *Cranberry Park Associates ex rel. Viola v. Cranberry Township Zoning Hearing Board*, 561 Pa. 456, 751 A.2d 165 (2000). That decision held that an ordinance was void *ab initio* even though the challenge had not been brought within 30 days of the ordinance's adoption as required by Section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5). Our Supreme Court reasoned that because the ordinance had never been recorded, it had no effective date from which to measure the 30 days to bring a challenge.

In *Schadler v. Zoning Hearing Board of Weisenberg Township*, 578 Pa. 177, 850 A.2d 619 (2004), the Supreme Court again held that an ordinance was void *ab initio* and not subject to Section 5571(c)(5)'s 30 day limitation period where the challenged ordinance had been recorded but suffered from other procedural defects. The township supervisors had failed to file an attested copy of the ordinance in the county law library or other designated county office, to run pre-enactment newspaper advertisements that contained the full text of the proposed ordinance, and to file a summary of the ordinance in any place where the public could access it. *Schadler*, 578 Pa. at 188–89, 850 A.2d at 626. The Court held that these procedural defects made it too difficult for the public to be put on notice regarding changes to the ordinance, causing it to be void *ab initio*. Since it was void *ab initio*, it held that there was no effective date from which to measure Section 5571(c)(5)'s 30 day limit on procedural challenges.[12]

In response to *Cranberry Park*, the General Assembly amended Section 5571(c)(5) in 2002.[13] The new Section 5571(c)(5) inserted the word "intended" before "effective date," so that the 30 day time limit to bring procedural challenges would apply even if the ordinance was void *ab initio*. The intended effective date was defined as the date specified in the ordinance or 60 days after the township adopted the ordinance if no date was specified. It left in place that the appeal or challenge had to be brought first to the zoning board. *See* 42 Pa.C.S. § 5571(c)(5).

Again, our Supreme Court, in *Glen–Gery Corporation*, held that the amendment to Section 5571(c)(5) did not change its analysis in *Cranberry Park* and *Schadler* that an ordinance that fails to comply with the statutorily mandated procedures is void *ab initio*, rendering any time bar to its challenge void. The Court explained that the purpose of the void *ab initio* doctrine is to protect the due process rights of citizens because a landowner's constitutionally guaranteed right to challenge an ordinance's validity is abrogated if the ordinance was passed following procedural defects involving notice.

In 2008, after *Glen–Gery*, the General Assembly again responded by passing legislation placing time limits on procedural challenges to the adoption of ordinances. *See* 42 Pa.C.S. § 5571.1 (*supra* n. 2). This time, the General Assembly incorporated reservations to the unfettered use of the void *ab initio* doctrine contained in *dicta* in *Schadler* and *Glen–Gery*. Unlike its predecessors, Section 5571.1, which became effective on July 4, 2008, employs a multi-tiered system in which the standards for challenging an ordinance vary depending on the amount of time that has passed since its adoption. Specifically:

---

**12.** Section 5571(c)(5) had been amended before the decision in *Schadler*, but the case was brought under the old version of the statute.

**13.** *See* Act of December 9, 2002, P.L. 1705, No. 215, § 3.

● Section 5571.1(b) provides that "[a]ny appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30–days of the intended effective date of the ordinance ... regardless of the ultimate validity of the challenged ordinance."

● Section 5571.1(c) provides an exception to the 30 day time frame if the party bringing the appeal establishes that application of the 30 day limit would result in an impermissible deprivation of constitutional rights. In such a case, there is no limit restricting when a challenge to an ordinance may be brought.

● In all cases, an ordinance is presumed valid and enacted in compliance with statutory procedures. Section 5571.1(d)(1).

● If the challenge is filed more than two years after the intended effective date of the ordinance, there is an additional presumption that the political subdivision involved and its residents have substantially relied upon the validity and effectiveness of the ordinance. § 5571.1(d)(2).

● If the appeal was brought within the initial 30 day time limitation, the party alleging defective procedures must only prove a failure to "strictly comply" with statutory procedures. § 5571.1(e)(1).

● After 30 days, the challenging party must also prove that the failure to strictly comply with statutory procedures resulted in insufficient notice to the public of impending changes to the ordinance or to its existence, so that the public would be prevented from commenting upon the changes, intervening, or having knowledge of the ordinance's existence. § 5571.1(e)(2).

● If two years have passed since the ordinance's intended effective date, the challenging party must establish facts sufficient to rebut the presumption of reliance on the ordinance in Subsection (d)(2). § 5571.1(e)(2)(iii).

In combination with the changes in Section 5571.1, the General Assembly also passed Section 1002–A(b) of the MPC, 53 P.S. § 11002–A(b),[14] providing procedural challenges to the validity of a land use ordinance shall be brought directly in the court of common pleas rather than first bringing them to the zoning hearing boards.

On appeal, Hawk makes three arguments: (1) Section 5571.1 cannot be applied to him because it would be retroactive; (2) if it is applied to him, he satisfied its terms and successfully challenged the Ordinance as void *ab initio;* and (3) Section 5571.1 is unconstitutional because it restricts his ability to challenge the Ordinance as void *ab initio.*

## II.

Hawk contends that the 2008 creation of Section 5571.1 does not apply to him because he appealed the Township zoning officer's violation letter for operating his race track without a permit in the summer of 2007. He contends that that date fixes the law that should be applied to his appeal, and as of that date, *Glen–Gery* applied, making an ordinance void *ab initio* if it was not adopted in accordance with the procedural mandate. If that is so, Hawk is also bound by what he raised in his notice of appeal.

Hawk's appeal to the Zoning Board alleged that his operation did not fall under the definition of a "race track" and should be allowed to continue in existence as a

**14.** Section 1002–A(b) of the MPC, added by Section 101 of the Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 11002–A(b).

private club. However, nowhere in that appeal did Hawk assert any procedural challenges to the enactment of the Ordinance. At the time, Section 909.1(a)(2) of the MPC, 53 P.S. § 10909.1(a)(2),[15] required that appeals raising procedural questions concerning the adoption of land use ordinances be raised before the Zoning Board.[16]

■ Because Hawk did not raise a procedural challenge contending that failure to properly follow the statutory procedures involving notice under *Glen–Gery* rendered the Ordinance void *ab initio* in his first appeal from the notice of violation, that issue is waived. "An appellant cannot pursue in a subsequent appeal matters in which he or she could have pursued in a prior appeal." *Smitley v. Holiday Rambler Corp.*, 707 A.2d 520, 525 (Pa.Super.1998); *see also Spang & Co. v. USX Corp.*, 410 Pa.Super. 254, 599 A.2d 978, 981 (1991). If we applied the law as it existed prior to the enactment of Section 5571.1, then Hawk's appeal in October 2008 was waived because he did not raise the procedural irregularities in adopting the Ordinance in the appeal from the denial of the original permit, and he cannot raise them in a subsequent challenge.[17]

### III.

### A.

Even if Hawk had not waived the procedural attack on the Ordinance and had been able to properly raise it in his second appeal, he still would not prevail on any of his alternative theories.

■ Hawk's first argument is that because the Ordinance was enacted in 2004 but Section 5571.1 only became effective in 2008 and did not specify that it would apply retroactively, he is not bound by the statute. Although it is true that a statute that affects a party's substantive rights is not applied if it was not in effect when the cause of action arose, a statute that relates to procedural matters applies to all cases filed after the effective date of the statute. *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978); *see also McDonald v. Redevelopment Authority of Allegheny County*, 952 A.2d 713, 716–17 (Pa. Cmwlth.2008). While it can be difficult to classify a law as procedural or substantive, if the law addresses methods by which rights are enforced, it is properly classified as procedural. *Commonwealth v. Morris*, 565 Pa. 1, 771 A.2d 721 (2001); *see also Carroll v. Godding*, 155 Pa.Super. 490, 38 A.2d 720 (1944) (questions of burdens of proof are procedural).

Section 5571.1 deals with the methods by which a landowner may challenge an ordinance allegedly enacted through defective procedures. It does so by specifying time limitations, presumptions and burdens of proof, making it procedural in nature. Because it went into effect on July 8, 2008, and Hawk did not challenge the Ordinance until October 10, 2008, the trial

---

**15.** Added by Section 87 of the Act of December 21, 1988, P.L. 1329.

**16.** 53 P.S. § 10909.1(a)(2) provides:

The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters.

* * *

Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption.

**17.** Even if the issue had not been waived, in *Geryville Materials, Inc. v. Lower Milford Township Zoning Hearing Board*, 972 A.2d 136 (Pa.Cmwlth.2009), we held that a property owner could not maintain his appeal in a factual scenario similar to the one existing in this appeal.

court correctly held that Hawk's challenge is governed by the new Section 5571.1.

### B.

■ Next, Hawk argues that the trial court erred in holding that the Ordinance is not void *ab initio* because he satisfied all of the requirements of Section 5571.1 necessary to establish that the Ordinance is void.[18] Hawk alleges, and the Supervisors do not dispute, that the Supervisors failed to strictly follow every requirement of the MPC when enacting the Ordinance. Nonetheless, an analysis of Section 5571.1 shows that Hawk has failed to meet his burden to prove the Ordinance is void *ab initio*. He failed to show a deprivation of a constitutional right, failed to rebut the presumption of substantial reliance on the Ordinance, and failed to establish that the public had insufficient notice of the Ordinance's adoption.

### 1.

■ The Ordinance was adopted in 2004, but Hawk did not challenge it until 2008. Even though more than 30 days passed before the challenge, pursuant to Sections 5571.1(b)-(c), Hawk contended that he could proceed with his challenge because applying the 30 day time limitation would impermissibly deprive him of constitutional rights. The only constitutional right that might be implicated in this case is a deprivation of due process due to a failure of notice and opportunity to be heard. Thus, we must analyze the notice the Township provided to its residents before and at the time the Ordinance was adopted.

Throughout 2002 and 2003, the Planning Commission and the Supervisors held regularly scheduled monthly zoning planning meetings for the purpose of creating a zoning plan for the Township. These meetings were publicly advertised and open to the public. (Reproduced Record at 5a–55a). Additionally, the Supervisors held two public hearings on the proposed Ordinance, both of which were preceded by a public notice in the Pocono Record, the local newspaper. (Reproduced Record at 69a–72a). The public notice contained two websites where the complete text of the proposed Ordinance could be viewed. The public notice before the meeting at which the Ordinance was enacted also stated that the entire Ordinance could be viewed free of charge and reproduced at the Eldred Township Municipal Building. The public notices also indicated the specific meetings at which adoption of the Ordinance would be considered. Finally, the Pocono Record ran several stories about the hearing process and a front page story the day after the Ordinance's adoption stating that it had been enacted. (Reproduced Record at 196a, 201a–202a, 230a–232a)

To safeguard the "due process" rights protected by *Glen–Gery*, "Notice should be reasonably calculated to inform interested parties of the pending action, and [contain] the information necessary to provide an opportunity to present objections. The form of the notice required depends on what is reasonable, considering the interests at stake and the burdens of providing notice." *Pennsylvania Coal Mining Association v. Insurance Department*, 471 Pa. 437, 452, 370 A.2d 685, 692–93 (1977).

---

**18.** "In an appeal from a decision of a zoning hearing board where the trial court relies solely on the record made before the board and receives no additional evidence, our standard of review is whether the board committed an abuse of discretion or an error of law and when the trial court is alleged to have erred we will consider whether the trial court has abused its discretion or committed an error of law." *Header v. Schuylkill County Zoning Hearing Board*, 841 A.2d 641, 644 n. 4 (Pa.Cmwlth.2004).

Here, the public was repeatedly informed of every meeting concerning the creation and enactment of the Ordinance in a newspaper of general circulation, a reasonable forum for providing such notice which is tantamount to the notice that it would have received if the statutory requirements would have been followed.

Hawk had every opportunity for years to attend a meeting and for months to view the Ordinance and could have challenged it from its inception. But he did not. Because he waited for four years and had not been deprived of any constitutional right, he is time barred from challenging the validity of the Ordinance.

## 2.

Even if Hawk had been deprived of his constitutional rights, he still would not have been able to satisfy his burdens under Section 5571.1. As four years had passed between enactment of the Ordinance and his challenge, he needed to rebut the presumption in Section 5571.1(d)(2) of substantial reliance on the Ordinance by the Township and its landowners. However, he presented no evidence to rebut this presumption. He merely cited cases from other jurisdictions in which courts found that periods longer than four years were sufficient to presume reliance.[19] Furthermore, he is unable to meet his burden in Section 5571(e)(2)(ii) that the Township's

failure to strictly comply with statutory procedures resulted in insufficient notice to the public such that the public could not comment on the changes, intervene to stop them or to know of their existence.

## IV.

■■■■■ Finally, Hawk contends that Section 5571.1 unconstitutionally restricts his ability to contest the Ordinance as void *ab initio*. He argues that *Glen–Gery* categorically proscribes time limits in challenges to ordinances as void *ab initio* because if an ordinance is void *ab initio*, there is no date from which to measure the 30 days. However, we disagree with Hawk's narrow interpretation of *Glen–Gery* and hold that Section 5571.1 is constitutional.[2021]

Unlike Section 5571(c)(5), which provided a strict 30 day time limit in which to challenge the procedures used in enacting an ordinance, Section 5571.1 adopts a multi-tiered system, detailed *supra*, that never prevents a challenge to an ordinance if doing so would result in a deprivation of constitutional rights, but rather increases the challenger's burden as first 30 days, then two years, pass from the ordinance's intended effective date. Section 5571.1, both in its indefinite time scale and in the specifics of the hurdles challengers to an

---

19. *See Struyk v. Samuel Braen's Sons,* 17 N.J.Super. 1, 85 A.2d 279 (1951); *Pennington County v. Moore,* 525 N.W.2d 257 (S.D.1994); *Golden v. White,* 253 Ga. 111, 316 S.E.2d 460 (1984); *Carter v. City of Salina,* 773 F.2d 251 (10th Cir.1985).

20. "Duly enacted legislation carries with it a strong presumption of constitutionality. *Commonwealth v. Parker White Metal Co.,* 512 Pa. 74, 515 A.2d 1358 (1986). The presumption of constitutionality will not be overcome unless the legislation is clearly, palpably, and plainly in violation of the constitution. *Commonwealth v. Blystone,* 519 Pa. 450, 549 A.2d

81 (1988), aff'd *Blystone v. Pennsylvania,* 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990)." *Commonwealth v. Swinehart,* 541 Pa. 500, 508, 664 A.2d 957, 961 (1995). "[A]ny doubts as to the statute's constitutionality are to be resolved in favor of sustaining the statute." *Starr v. Department of Environmental Resources,* 147 Pa.Cmwlth. 196, 607 A.2d 321, 324 (1992).

21. A challenge to the constitutionality of a statute is a question of law, and the scope of review is plenary and standard of review is de novo. *Clifton v. Allegheny County,* 600 Pa. 662, 969 A.2d 1197 (2009).

ordinance must face, is in clear response to both *Glen–Gery* and *Schadler*.

In *Schadler*, our Supreme Court tempered its holding with the observation:

> While it is true that an overly aggressive application of the principles behind *Cranberry Park* could inject excessive uncertainty into a township's zoning laws, there is no such threat here. The purpose of requiring compliance with the procedural requirements for enacting township ordinances is premised on the importance of notifying the public of impending changes in the law so that members of the public may comment on those changes and intervene when necessary. While we may someday be presented with a case in which a procedurally defective ordinance has been "on the books" and obeyed in practice for such a long time that public notice and acquiescence can be presumed, this is not such a case.

*Id.* at 189, 850 A.2d at 627. In *Glen–Gery*, the Court expressed concern about the unfairness of the void *ab initio* doctrine when the voided law had caused reliance, an issue not before it in that case. *Id.* at 145, 907 A.2d at 1038–39 (favorably citing *Chicot Co. Drainage District v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940) and *Lemon v. Kurtzman*, 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973)).

Synthesizing the concerns expressed in *Schadler* and *Glen–Gery* over the possible excesses of the void *ab initio* doctrine, this Court has recently held in *Geryville Materials, Inc. v. Lower Milford Township Zoning Hearing Board*, 972 A.2d 136, 142–43 (Pa.Cmwlth.2009):

> In considering the language from *Schadler* and the Supreme Court's reference thereto in *Glen–Gery*, we understand that our Supreme Court had certain concerns about the application of the void ab initio doctrine, including that: (1) an overly aggressive application of the doctrine could result in excessive uncertainty; (2) the purpose of compliance with procedure is to ensure that the public will be able to make comments regarding proposed change; and (3) where a presumption may be made that persons interested in the operation of an ordinance have acquiesced to the substance of the ordinance and, despite procedural infirmities, the ordinance has been accepted by property owners and applied by a municipality for a sufficiently long period of time, the application of the doctrine may not be appropriate.

> \* \* \*

> In order to reach a presumption that acquiescence has occurred, the Supreme Court indicated, in dicta in *Glen–Gery*, that the lapse of time of some indefinite amount, coupled with some indication that persons interested in land use in a municipality have obeyed the ordinances purported to have been enacted, would suffice to support a decision electing not to apply the void ab initio doctrine despite evidence of defects in the enactment process.

Because it does not ever bar challenges to ordinances as void *ab initio* so long as the challenger has suffered a deprivation of constitutional rights, Section 5571.1 is free of the defects that plagued its predecessors. It specifically incorporates the concerns about unfettered application of the void *ab initio* doctrine voiced in *Schadler* and *Glen–Gery* and summed up in *Geryville Materials*. First, a challenge that an ordinance is void *ab initio* because of defective procedures in enacting it can never be time barred if doing so would cause the challenger to suffer a deprivation of constitutional rights. Section 5571.1(c). This eliminates the most glaring defect of Section 5571(c)(5), as any

landowner who suffers a deprivation of due process from a lack of notice during the period of enactment can challenge the ordinance at a later date. At the same time, the increased hurdles to challenges after 30 days and two years beyond the intended effective date of the ordinance, the burden on the challenging party to show lack of notice of the enactment or change to the ordinance, and the presumption of reliance on the validity of the ordinance after two years each reduces the municipality's and its landowners uncertainty about whether their land use ordinances are valid. All this is in accordance with the parameters set in *Schadler* and *Glen–Gery*. Consequently, Hawk's challenge to the constitutionality of Section 5571.1 fails.

Accordingly, for the foregoing reasons, we affirm the order of the trial court denying Hawk's appeal.

### ORDER

AND NOW, this *6th* day of *October,* 2009, the order of the Court of Common Pleas of Monroe County dated January 23, 2009, is affirmed.