IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia Weidenhammer, : 
    Petitioner : 
     : 
    v. :    No. 546 C.D. 2019
     :    Submitted: March 24, 2020
Workers' Compensation Appeal Board : 
(Albright College), : 
    Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ANNE E. COVEY, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                 FILED: May 14, 2020

      Patricia Weidenhammer (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) denying her request for a reinstatement of disability compensation under the Workers' Compensation Act (Act).[1] In so doing, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Claimant had no right to compensation because more than three years had elapsed since her last payment of disability compensation. Claimant argues that this Court should construe the holding in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*) to be fully retroactive. As such, Claimant contends the holding in *Protz II* automatically restored her total disability compensation.[2] For the following reasons, we affirm the Board.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[2] The Pennsylvania Association for Justice filed an *amicus curiae* brief supporting Claimant's position.

## Background

The facts are not in dispute. On November 9, 2001, while working for Albright College (Employer), Claimant fell, sustaining knee contusions that aggravated her bilateral degenerative joint disease. The aggravation necessitated bilateral knee replacement surgery. In 2003, Claimant was awarded total disability compensation as of the date of injury.

On April 5, 2004, Employer requested the Bureau of Workers' Compensation to designate a physician to perform an impairment rating evaluation (IRE) of Claimant. On May 5, 2004, David Baker, M.D., did the requested IRE, using the Fifth Edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA Guides). Dr. Baker's IRE concluded that Claimant had a whole body impairment of 36%. Because the IRE rating was less than 50%, Claimant's disability status automatically changed from total to partial as of March 26, 2004.[3]

Claimant attended the IRE without objection; did not file a petition to review its accuracy; and did not challenge the change in her disability status. WCJ Decision, 4/24/2018, Findings of Fact Nos. 5-6, at 4. On December 3, 2013, Claimant exhausted her 500 weeks of partial disability benefits and received her final payment of disability compensation. *Id.*, Finding of Fact No. 8, at 4.

On October 17, 2017, Claimant filed a petition to reinstate her disability compensation for the stated reason that in *Protz II* the Pennsylvania Supreme Court had declared Section 306(a.2) of the Act unconstitutional. Claimant argued that because the 2004 change in her disability status had been authorized by Section

---

[3] This was the date Claimant reached 104 weeks of total disability compensation, which is the earliest an employer could request an IRE under former Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2(1), repealed by the Act of October 24, 2018, P.L. 714, No. 111.

2

306(a.2), her right to total disability compensation was automatically restored by our Supreme Court's ruling.

The WCJ denied Claimant's reinstatement petition. Section 413(a) of the Act, 77 P.S. §772, requires a reinstatement petition to be filed "within three years after the date of the most recent compensation," and Claimant had filed her reinstatement petition almost four years after her last payment. WCJ Decision, 4/24/2018, Finding of Fact No. 9, at 4. The WCJ further reasoned that *Protz II* had an effect only for those claimants with a case in active litigation, which did not include Claimant.

Claimant appealed to the Board. Relying upon *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*), the Board affirmed the WCJ. In *Whitfield,* this Court held that claimants who wished to take advantage of the holding in *Protz II* had to file an appropriate petition. The claimant in *Whitfield* did so by filing a reinstatement petition within three years of the date of the last payment of compensation in accordance with Section 413(a) of the Act, 77 P.S. §772. By contrast, here, Claimant filed her reinstatement petition outside the three-year deadline.

**Appeal**

Claimant has petitioned for this Court's review and raises one issue.[4] Claimant argues that the Pennsylvania Supreme Court's decision in *Protz II* voided her IRE *ab initio*; thus, she is entitled to a reinstatement of total disability

---

[4] We review Board adjudications to determine whether errors of law were made, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Ward v. Workers' Compensation Appeal Board (City of Philadelphia)*, 966 A.2d 1159, 1162 n.4 (Pa. Cmwlth. 2009).

3

compensation.  Alternatively, Claimant contends that *Whitfield* was wrongly decided and should be overruled.

**Analysis**

**I.**

We begin with a review of the principles that govern the implementation of a new rule of law.  The Pennsylvania Supreme Court has recognized four different ways a new principle of law can apply to litigants. *Blackwell v. State Ethics Commission*, 589 A.2d 1094 (Pa. 1991) (*Blackwell III*).  First, the court can apply the new rule only to future litigants, not even to the parties in the case that occasioned the announcement of the new law.  The Court termed this application "purely prospective." *Id.* at 1098.  Second, the court can apply the new rule only to the parties to the case in which the new rule is announced.  Third, the court can apply the new rule to all parties in all cases still pending at the time it is announced.  Fourth, the court can apply the new rule in what it termed a "fully retroactive" way:

> Under this fourth choice, the new rule is applied to the case in which it is announced, to all cases pending at the time the new rule is announced, *and to cases which are final at the time the new rule is announced*.

*Id*. at 1099 (emphasis added). Fully retroactive application "relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired."  *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corporation*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980).

As a general rule, Pennsylvania courts apply the law that is in effect at the time the case is decided, *i.e.*, the above-listed third application.  *Blackwell III*,

4

589 A.2d at 1099. The general rule allows a litigant whose appeal is still pending to receive the benefit of any changes in the law.

In determining the "question of the retroactivity or nonretroactivity of a new decision[,]" our Supreme Court has approved "a three-factor standard" to consider:

> (1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect on the administration of justice by the retroactive application of the new rule.

*Id.* The application of a new rule of law requires the exercise of judicial discretion on a case-by-case basis. *Passarello v. Grumbine*, 87 A.3d 285, 307 (Pa. 2014).

In *Protz II*, 161 A.3d 827, the claimant's IRE was done under the Sixth Edition of the AMA Guides, and the physician assigned the claimant a whole body impairment of 10%. This rating converted the claimant's compensation from total disability to partial disability. The claimant appealed, arguing that Section 306(a.2)(1) of the Act, 77 P.S. §511.2(1), had unconstitutionally delegated the responsibility to legislate standards for an IRE to a private entity, *i.e.*, the American Medical Association. Former Section 306(a.2)(1) of the Act stated that physicians must use "the most recent edition" of the AMA Guides to determine impairment. *Former* 77 P.S. §511.2(1).[5] The Supreme Court upheld this Court's holding in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 412 (Pa. Cmwlth. 2015) (*Protz I*), that the legislature had impermissibly delegated its legislative power to the American Medical Association. However, the

---

[5] In response to *Protz II*, the legislature enacted the Act of October 24, 2018, P.L. 714, No. 111. Act 111 repealed Section 306(a.2) and replaced it with Section 306(a.3). Under Section 306(a.3) an IRE must be conducted using the Sixth Edition of the AMA Guides, and the whole body impairment must be less than 35% in order for the claimant to be moved from total to partial disability status. 77 P.S. §511.3.

Supreme Court rejected this Court's holding that those IREs done under the Fourth Edition of the AMA Guides, the edition in effect when Section 306(a.2) was enacted, would be considered valid. The Supreme Court held, instead, that Section 306(a.2) was incapable of a constitutional construction.

This Court has examined the implementation of *Protz II* in two pertinent cases. A brief description of each follows.

In *Whitfield*, 188 A.3d 599, the claimant's IRE was conducted under the Fifth Edition of the AMA Guides and yielded a whole body impairment of 44%. Her disability compensation automatically converted from total to partial, and she collected partial disability compensation until 2014, when she exhausted her 500 weeks of partial disability benefits. Several months later, the claimant filed a reinstatement petition based on this Court's holding in *Protz I,* 124 A.3d 406. The Board held that the claimant had waived her right to file a reinstatement petition because she had not preserved the issue of whether her IRE was constitutional.

By the time the claimant's appeal reached this Court, *Protz II* had been decided. We concluded that the claimant's reinstatement petition was authorized by Section 413(a) of the Act, as long as "the petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition." 77 P.S. §772. Accordingly, we vacated the Board's decision and remanded for a decision on the merits of the claimant's reinstatement petition. *Whitfield*, 188 A.3d 599.

In *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018), *petition for allowance of appeal granted*, 208 A.3d 461 (Pa. 2019),[6] the claimant's 2014 IRE was conducted under

---

[6] The Supreme Court's grant of *allocatur* was limited to the following issues:

6

the Sixth Edition of the AMA Guides and reported a whole body impairment of 11%. The employer filed a modification petition to change the claimant's disability status from total to partial. The claimant challenged the modification, claiming that he had not reached maximum medical improvement. Before the WCJ reached a decision, but after the record was closed, *Protz I* was decided. The employer then obtained a new IRE using the Fourth Edition of the AMA Guides, as permitted by *Protz I*. On the basis of the new IRE, the WCJ modified the claimant's disability status from total to partial.

Both parties appealed to the Board. The claimant challenged the second IRE that used the Fourth Edition of the AMA Guides, and the employer defended the first IRE under the Sixth Edition of the AMA Guides as valid. While the appeal was pending, *Protz II* was decided. The Board concluded that both IREs were invalid and reversed the WCJ. The employer appealed to this Court, arguing that in *Protz II*, the Supreme Court did not state that its decision was fully retroactive and, in any case, the claimant had not preserved the constitutional issue. We rejected the employer's waiver argument, reasoning "that *Protz II* applie[d] to cases where the underlying IRE was actively being litigated when that decision was issued[.]" *Dana Holding*, 195 A.3d at 643. We affirmed the Board.

---

1. Whether the Commonwealth Court erred in applying the [*Protz II*] standard to the case on appeal at the time of this Court's decision retroactive to the date of the IRE instead of as of the date of the Supreme Court change in the law?

2. Whether the Commonwealth Court's failure to grant the employer credit for the three year period between the date of the IRE evaluation and the date of this Court's decision in [*Protz II*] unlawfully violates employer's constitutional right pursuant to the "Due Course of Law" provisions of the Pennsylvania Constitution Article I, Section 11?

208 A.3d 461.

7

In sum, this Court has held that *Protz II* applies to cases in active litigation when the Supreme Court issued its decision or where a reinstatement petition is filed within three years of the most recent compensation payment in accordance with Section 413(a) of the Act, 77 P.S. §772. This Court has declined to hold that *Protz II* should be given "fully retroactive effect," *i.e.,* the fourth application identified in *Blackwell III*, 589 A.2d at 1099. Full retroactive effect would extend application of *Protz II* to cases long closed by virtue of Section 413(a) of the Act, 77 P.S. §772. With these principles in mind, we address Claimant's appeal.

## II.

Claimant argues that *Protz II* is fully retroactive. Under the void *ab initio* doctrine, a statute is held void in its entirety and "treated as if it had never existed." *Hawk v. Eldred Township Board of Supervisors*, 983 A.2d 216, 218 n.1 (Pa. Cmwlth. 2009). Claimant argues that the new rule of law announced in *Protz II* nullified her 2004 IRE and restored her right to total compensation. In support, Claimant points to the following passage in *Protz II*:

> The Pennsylvania Constitution prevents the General Assembly from passing off to another branch or body *de facto* control over matters of policy. As we have explained, this is exactly what the General Assembly did in Section 306(a.2). Because we must enforce Article II, Section 1 without consideration of the exigencies that arise or "how trying our economic or social conditions become," we affirm the Commonwealth Court's holding that Section 306(a.2) violates the non-delegation doctrine. *Holgate Bros. Co. v. Bashore*, [] 200 A. 672, 675 ([Pa.]1938). Unlike the Commonwealth Court, however, we hold that Section 306(a.2) is unconstitutional in its entirety.

8

161 A.3d at 841. Claimant contends that by this language, the Supreme Court intended to make its new rule of law fully retroactive. She argues that her right to disability compensation is protected by Article I, Section 11[7] and Article III, Section 18[8] of the Pennsylvania Constitution.

Employer responds that *Protz II* should be applied only to a case in active litigation when the new rule was announced or to a case that falls within the three-year deadline set forth in Section 413(a) of the Act, 77 P.S. §772. Claimant falls into neither category. Employer also responds that the constitutional provisions invoked by Claimant are irrelevant to her claims under the Act.

---

[7] It provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

PA. CONST. art. I, §11.

[8] It provides:

> The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided.

PA. CONST. art. III, §18.

9

*Blackwell III* considered the implementation of the Supreme Court's prior holding in *Blackwell v. State Ethics Commission*, 567 A.2d 630 (Pa. 1989) (*Blackwell II*), which held Section 4(4) of the Sunset Act,[9] 71 P.S. §1795.4(4), to be unconstitutional. Section 4(4) authorized the "Sunset Leadership Committee," consisting of six members of the General Assembly, to extend the life of any statute scheduled for sunset. In *Blackwell II*, city council members challenged the State Ethics Commission's 1988 investigation of their conduct, arguing that former Section 3(a) of the Public Officials Ethics Act (Ethics Act), *formerly* 65 Pa. C.S. §403(a),[10] had lapsed on December 31, 1987, by operation of the Sunset Act. The city council members asserted that the purported extension of the Ethics Act by a legislative committee was unconstitutional. The Supreme Court agreed. It held that the statutory extension mechanism set forth in Section 4(4) of the Sunset Act effected an unconstitutional delegation of legislative power.

The Supreme Court declined to extend its ruling to "countless unchallenged transactions by the Commission" under the Ethics Act. *Blackwell III*, 589 A.2d at 1102. It explained:

> [Until the statute was deemed unconstitutional] our citizens, nonetheless, were required to recognize the statute and all of its provisions and act in compliance with those provisions notwithstanding their invalidity. *"[S]tatutory or even judge-made rules of law are hard facts on which people must rely in making decisions and in shaping their conduct." Lemon v. Kurtzman*, 411 U.S. 192, 197 [] (1973). In these circumstances, *it would indeed be chaotic to act as though the offending [statute] had never been enacted into law*. We noted earlier that in concluding as we do, we have considered the countless

---

[9] Act of December 22, 1981, P.L. 508, *as amended*, 71 P.S. §§1795.1-1795.14. The Act expired on December 22, 1991, pursuant to Section 14 of the Sunset Act of 1981, 71 P.S. §1795.14.

[10] Repealed by the Act of October 15, 1998, P.L. 729, No. 93.

> unchallenged transactions by the Commission (and the various other agencies, boards and commissions) which are now final. *Those transactions will not be upset or affected by our decision.*

*Id*. at 1101-02 (emphasis added).  Accordingly, the Supreme Court held as follows:

> We hold that that decision is to be applied retroactively to the instant appeal and to all proceedings pending at the time we announced our decision in *Blackwell II* in which the issue of the constitutionality of the Leadership Committee provisions of section 4(4) of the Sunset Act, 71 P.S. §1795.4(4), was timely and properly raised and preserved by the parties.

*Id*. at 1095.  Thus, the Supreme Court limited the application of its holding to cases pending at the time the statute was declared unconstitutional, and only where the issue of the statute's constitutionality had been raised and preserved at all stages of litigation.[11]

The right to disability compensation for a workplace injury was created by the Act, which has imposed limits and conditions on an injured employee's right to compensation benefits.  One such limit is found in Section 413(a) of the Act.  It authorizes a WCJ to modify, reinstate, suspend or terminate compensation "at any time," subject to the following provision:

> That, except in the case of eye injuries, *no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the*

---

[11] In *PPG Industries, Inc. v. Board of Finance and Revenue*, 790 A.2d 261 (Pa. 2001), our Supreme Court held that Pennsylvania's capital stock and franchise tax violated the interstate commerce clause because it gave preferential treatment to in-state companies.  The Supreme Court ordered retroactive relief to PPG and extended its ruling to "any pending appeals by any other taxpayers regarding this issue."  *Id*. at 269 n.12.  Likewise, in *Annenberg v. Commonwealth*, 757 A.2d 338 (Pa. 2000), the Supreme Court declared an exclusion from the capital stock and franchise tax to be unconstitutional.  The Supreme Court suggested several ways to provide retroactive relief to the litigants, but there was no suggestion the retroactive relief would apply to any taxpayers other than the litigants.

11

*department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.*

77 P.S. §772 (emphasis added).

In *Cozzone ex rel. Cozzone v. Workers' Compensation Appeal Board (PA Municipal/East Goshen Township)*, 73 A.3d 526 (Pa. 2013), our Supreme Court held that the above-stated time bar in Section 413(a) operates as a statute of repose. Accordingly, once three years have passed since "the most recent payment of compensation" the claimant's right to benefits is extinguished. *Id.* at 536; *see also Sloane v. Workers' Compensation Appeal Board (Children's Hospital of Philadelphia)*, 124 A.3d 778, 785 (Pa. Cmwlth. 2015) (holding that because Section 413(a) of the Act acts as a statute of repose, a claimant whose benefits were suspended may seek reinstatement of total disability payments within three years of the last payment of benefits or the maximum 500 weeks allowed for partial disability, whichever is later).

Here, Claimant's statutory right to total disability compensation had been extinguished at the point in time that she filed her reinstatement petition. To allow claimant to resuscitate her right to disability compensation would violate Section 413(a) of the Act, 77 P.S. §772. Claimant may be correct that *Protz II* rendered former Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2(1), void *ab initio*, but it does not follow that the Pennsylvania Supreme Court intended its ruling in *Protz II* to be given a fully retroactive effect or to nullify the statute of repose in Section 413(a) of the Act.

As the Supreme Court explained in *Blackwell III*, 589 A.2d at 1099, this Court must consider the effect a fully retroactive application of a new rule will have on the administration of justice. We must consider the "hard facts on which

12

people must rely in making decisions[.]" *Id.* at 1102. Citizens who have relied upon the former understanding of the law have due process rights, as our Supreme Court has explained:

> The hesitation to apply the void *ab initio* doctrine has stemmed from the reliance on the part of one party but *only where the due process rights of the citizenry will not be violated by its enforcement. See Chicot Co. Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940) (holding that the doctrine is unfair when the void law has caused reliance); *Lemon v. Kurtzman,* 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973) (opining that an unconstitutional statute is not absolutely void but its one-time existence is a practical reality upon which people have relied and courts should recognize that reality).

*Glen-Gery Corporation v. Zoning Hearing Board of Dover Township*, 907 A.2d 1033, 1038-39 (Pa. 2006) (emphasis added).

Employers have relied upon the IRE provisions for many years. They did not pursue other remedies in the Act such as a labor market survey or a termination petition, which could have limited their liability for disability compensation. Likewise, insurers have relied upon the 500-week limit on disability compensation in pricing their workers' compensation insurance policies.

The WCJ noted that Claimant had filed numerous petitions in the course of her workers' compensation history, but she never raised the constitutionality of the IRE process. WCJ Decision, 4/24/2018, Finding of Fact No. 6, at 4. The WCJ explained:

> Employer is entitled to administrative finality despite the Supreme Court's June 20, 2017, decision that IREs … are unconstitutional. When that decision was rendered, Claimant's wage indemnity benefits had already been exhausted for nearly

13

> four years. That decision cannot retroactively reactivate long-closed matters.

*Id.*, Finding of Fact No. 10, at 4. The WCJ considered the potential consequences of a fully retroactive application of *Protz II* and the impact it would have on "long-closed matters" and determined that this impact militated against rewriting history by voiding every IRE ever done. *Id.* We agree.

This case is very close to *Blackwell III*, which involved the identical constitutional infirmity, *i.e.*, an unconstitutional delegation of legislative power. In *Blackwell III*, the Supreme Court declined to deem all "transactions" under the unconstitutional statute to be "null and void." 589 A.2d at 1102. It narrowed the availability of the new rule of law to litigants who had preserved the issue. We hold that the ruling in *Protz II* was not intended to be given a fully retroactive effect, without regard to the statute of repose in Section 413(a) of the Act, 77 P.S. §772.[12] We reject Claimant's first allegation of error.

### III.

In her alternative issue, Claimant argues that *Whitfield* should be reconsidered. She asserts that *Whitfield* is contrary to the directive that the Act be liberally construed in favor of the injured worker.[13] Claimant argues that the three-

---

[12] Full retroactive effect is generally reserved for criminal cases where life or liberty is at stake. *See, e.g.*, *Atkins v. Virginia*, 536 U.S. 304, 317 (2002) (prohibition of execution of mentally disabled individuals required evaluation of all death-row inmates to determine mental competency); *Commonwealth ex rel. O'Lock v. Rundle*, 204 A.2d 439, 441 (Pa. 1964) (right to counsel established in *Gideon v. Wainwright*, 372 U.S. 335 (1963), applied to those convicted prior to *Gideon* decision). Claimant acknowledges this reality but argues that the void *ab initio* doctrine can be applied to civil cases. To that end, she cited provisions of the Pennsylvania Constitution. Claimant's right to workers' compensation is, however, a statutory right and governed by the Act.

[13] The "Act is remedial in nature and is intended to benefit the worker; therefore, the Act must be liberally construed to effectuate its humanitarian objectives." *Rite Care Resources v. Workmen's Compensation Appeal Board (Davis)*, 623 A.2d 917, 920 (Pa. Cmwlth. 1993).

year time bar set forth in Section 413(a) of the Act is inapposite because it places the burden on the claimant to show "proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed." 77 P.S. §772. Claimant argues that this proof is irrelevant here where the only issue is the constitutionality of former Section 306(a.2)(1) of the Act, *formerly* 77 P.S. §511.2(1). Claimant states that *Whitfield* recognized this:

> It makes little sense to require a claimant seeking reinstatement based upon an unconstitutional IRE to show a change in earning power when the employer was not required to show the same when it had the claimant's disability status modified from total to partial.

*Whitfield,* 188 A.3d at 615-16. Claimant argues that *Whitfield* has rewritten Section 413(a) of the Act to address a completely different issue, *i.e.*, those whose benefits were halted after 500 weeks by reason of an unconstitutional IRE. Claimant argues that *Whitfield* should be overruled.

Employer dismisses Claimant's request to reconsider *Whitfield* as "ridiculous." Employer's Brief at 25. Employer argues that even if *Whitfield* was overturned, it would have no bearing on Claimant or whether *Protz II* should be applied in the fully retroactive manner that Claimant desires.

In *Whitfield*, this Court construed the term "disability" in Section 413(a) of the Act to apply to disability status, which "is linked to the rate or amount of compensation to which a claimant is entitled." *Whitfield*, 188 A.3d at 612. Although the change in a claimant's disability status from total to partial did not affect the claimant's weekly benefit amount, "we discern[ed] no reason why the term

15

'disability' in Section 413(a) governing reinstatement from partial to total disability … should be restricted to its traditional definition of earning power." *Id*. at 614.

We reject Claimant's alternative argument that *Whitfield* was wrongly decided and should be overturned.

## Conclusion

For the above reasons, we reject Claimant's arguments that the void *ab initio* doctrine requires that *Protz II* be given full retroactive effect or that *Whitfield* was wrongly decided.  Accordingly, we affirm the Board.

_____
MARY HANNAH LEAVITT, President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Patricia Weidenhammer, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 546 C.D. 2019 |
| | : | |
| Workers' Compensation Appeal Board | : | |
| (Albright College), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 14ᵗʰ day of May, 2020, the order of the Workers' Compensation Appeal Board, dated April 9, 2019, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge